JOHN S. MELCHER, Appellant, *v.* OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Respondent.

Insurance (liability) — notice of accident — definition of the term " accident " — when question, whether notice was given within time required by the policy, for the jury.

1. It is not every trivial mishap or occurrence that the assured under a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury. If

no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there is no duty upon the assured to notify the insurer.

2. A policy insuring plaintiff against liability for accidents required immediate notice of an accident to be given to the insurance company, the defendant herein. A workman employed by a contractor to repair an elevator shaft, in a building owned by plaintiff, was struck by an elevator but made no complaint of injury at the time, and plaintiff had no knowledge that he claimed to be injured until three months later when he received a letter from a lawyer stating the workman's spine was seriously injured when the elevator struck him. This letter was delivered to and constituted the notice to the defendant. Thereafter plaintiff was compelled to pay the workman for such injuries and brought this action on the policy, which the defendant resists upon the ground that the plaintiff had failed to give immediate notice of the accident as required by the policy. Upon the trial the question, whether plaintiff had complied with the provisions of the policy requiring immediate written notice of the accident to the defendant, was submitted to the jury under instructions as favorable to the defendant as it could ask and a verdict was rendered for the plaintiff. *Held*, that the verdict should not have been interfered with.

*Melcher* v. *Ocean Accident & Guarantee Corp.*, 175 App. Div. 77, reversed.

(Argued January 22, 1919; decided March 18, 1919.)

Appeal from a judgment, entered December 1, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick B. Campbell* for appellant. The meaning of the term " accident " as used in clause C of the policy was an occurrence which, to the mind of a reasonable man, would cause him to believe that bodily injury had resulted or would tend to result therefrom. (*Woolverton* v. *F. & C. Co.*, 190 N. Y. 41; *Trippe* v. *Provident Society*, 140 N. Y. 23; *Walsh* v. *Metropolitan Life*, 105 App. Div.

186; *Ewing* v. *Commercial Travelers*, 55 App. Div. 241; *Newburgh Light Co.* v. *Travelers Ins. Co.*, 134 App. Div. 913; 201 N. Y. 581; *Piercy* v. *Frankfort Ins. Co.*, 142 App. Div. 839; *Rorick* v. *Railway Assn.*, 119 Fed. Rep. 63; *Chapin* v. *Ocean Accident & Guarantee Corp.*, 96 Neb. 213; *Midland Glass & Paint Co.* v. *Ocean Accident & Guarantee Corp.*, 167 N. W. Rep. 211; *Lucas* v. *New Amsterdam Casualty Co.*, 162 N. Y. Supp. 191; *Sheafor* v. *Standard Accident Ins. Co.*, 166 Wis. 498; *Graves* v. *United Commercial Travelers of America*, 165 Wis. 427; *Maryland Casualty Co.* v. *Ohle*, 120 Md. 371; *United States Casualty Co.* v. *Hanson*, 5 Col. App. 393.) The charge was correct and consistent. (*Woolverton* v. *F. & C. Co.*, 96 App. Div. 275; 190 N. Y. 41.)

*Frederick W. Catlin* and *Robert H. Woody* for respondent. The accident to Didier on November third, in which he received a fatal injury, was an accident which the policy required to be reported " with the fullest information obtainable at the time," and Moore, plaintiff's superintendent, should have reported what he knew at the time in order to bring the accident within the protection of the policy. (*N. W. Tel. Co.* v. *Maryland Casualty Co.*, 86 Minn. 467; *Nat. Const. Co.* v. *Travelers Ins. Co.*, 176 Mass. 121; *Travelers Ins. Co.* v. *Meyers*, 62 Ohio St. 529; *Hotch* v. *U. S. Casualty Co.*, 197 Mass. 100; *Utica S. M. Co.* v. *Casualty Co.*, 210 N. Y. 399.) The fact testified to by Moore that Didier said he was not hurt was not sufficient to authorize a recovery. (*Woolverton* v. *Fidelity & Casualty Co.*, 190 N. Y. 41; *Piercy* v. *Frankfort Marine Ins. Co.*, 142 App. Div. 839.)

CUDDEBACK, J. The defendant issued to the plaintiff a policy of insurance, whereby the defendant promised and agreed to indemnify the plaintiff against loss on account of bodily injuries received by any person while within the Chatsworth Apartments, which is owned by the plaintiff.

During the life of the policy, and on or about November 3, 1913, one Henry Didier was injured under circumstances which created a liability on the part of the defendant under its policy. Subsequently the plaintiff made claim against the defendant, but the defendant refused to admit its liability on the ground that the assured had failed to give immediate notice of the accident as required by the policy. The plaintiff did not give the defendant notice until on or about February 17, 1914, some three months after the accident occurred. The plaintiff was subsequently compelled to pay $4,000 on account of Didier's injuries, and brings this suit on the policy.

The jury rendered a verdict for the plaintiff. The Appellate Division reversed the judgment, and also dismissed the plaintiff's complaint. The dismissal of the complaint requires this court, in the consideration of the case, to take the view of the evidence most favorable to the plaintiff. (*Faber* v. *City of New York*, 213 N. Y. 411.)

The evidence shows that there were two elevators in the plaintiff's apartment house, a passenger elevator and a freight elevator, situated side by side. Didier was engaged in making some alterations in the passenger elevator. The plaintiff had employed a firm of sheet-iron workers to make the alterations in the elevator, and the firm sent Didier to do the work. To carry out his task, Didier went to the thirteenth floor of the building and took his station on an I-beam between the two elevator shafts. The superintendent of the building, one Moore, instructed the elevator operator on the freight car not to run higher than the twelfth floor.

For some reason, the freight elevator was run above the twelfth floor, and it struck Didier in the posterior, raising him up about a foot. Didier sent word to the superintendent of the building, who went up to the thirteenth floor. He asked Didier if he had been hurt,— to which Didier replied no but that he was badly scared,

and he asked the superintendent to instruct his men to be more careful in the future, which the superintendent promised to do. Didier continued to work during the afternoon and apparently finished the alterations.

Moore, the superintendent of the building, testified that he did not report the accident, or, as he says, give it any further thought. But on February 14, 1914, the plaintiff received a letter from a lawyer, saying that Didier's spine had been seriously injured when the freight elevator struck him. This letter was delivered to the defendant on February 17, and constituted the notice to the defendant of the accident. As has been said, the defendant denied liability because the notice was too late.

It appeared that some six weeks prior to the plaintiff's receipt of this letter, a young man who said he was a law student inquiring as to an accident to a man named Didier, which happened on the tenth floor of some apartment in Riverside Drive, called upon superintendent Moore. The superintendent did not know Didier by that name and did not associate the statement of the law student with the occurrence of November 3, and on inquiry made of the elevator men and others employed in the apartment house learned nothing to refresh his recollection. He could, therefore, give no information to the law student.

There was, of course, other evidence in the case not in harmony with this statement, but the jury might have taken the view which I have set forth.

The court submitted to the jury the question whether the plaintiff had complied with the provisions of the policy as to giving immediate written notice of the accident to the defendant, with the following charge: " I am going to leave that to you. And then if you find from all the evidence that the fact is that Mr. Moore (the superintendent) had no reason to believe there was any injury there of any kind and had no reason to believe that the thing that happened there would tend toward

any bodily injury on the part of this man, then I would tell you you have the right to consider that, because then he would be justified in not sending notice to the company because there was neither a claim of injury made nor any such condition existing which would warrant a reasonable man in believing that there was any injury."

Acting under these instructions, the jury rendered the verdict in favor of the plaintiff. I am of the opinion that the instructions given by the court were as favorable to the defendant as the defendant could ask, and that the verdict should not have been interfered with.

It is not every trivial mishap or occurrence that the assured under such a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury. The Supreme Court of Nebraska has had occasion to consider the insurance company's liability under similar circumstances, and has said: " The word ' accident ' is susceptible of and has received many definitions, varying with the connection in which it is used   *   *   *. As used in an indemnity policy, such as this, we are of the opinion that the word ' accident ' means an undesigned and unforeseen occurrence of an afflictive or unfortunate character, resulting in bodily injury to a person other than the insured. It is evident that it cannot have been the intention of the parties that such an accident as a mishap, casualty or misadventure occurring without bodily injury to anyone should be reported, since, with such an occurrence, the defendant has no concern. *   *   *. If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer." (*Chapin* v. *Ocean Accident & Guarantee Corp.*, 96 Neb. 213.)

The conclusion is that the reversal by the Appellate Division was error.

I, therefore, recommend that the judgment of the Appellate Division be reversed, and the judgment of the Trial Term be affirmed, with costs to the appellant in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE and CRANE, JJ., concur; COLLIN, HOGAN and ANDREWS, JJ., dissent.

Judgment reversed, etc.