HAAS TOBACCO COMPANY, Appellant, *v.* AMERICAN FIDELITY COMPANY, Respondent.

Insurance (accident) — automobiles — policy insuring owner against accidents caused by an automobile — provision requiring immediate notice to insurer of accidents insured against.

While a policy insuring the owner of an automobile to protect him against accidents caused by the automobile requires immediate notice to the insurer of accidents insured against, the condition does not apply to every trivial accident where there is reasonable ground for believing at the time that no harm was done and that no bodily injury would follow, yet where a boy was knocked down in the street, and at least slightly injured, the insured may not, without any investigation whatever, rely solely upon his own opinion, or upon the opinion of his automobile driver, that because the boy went away,

the injury was too trivial to require attention or investigation and, therefore, be excused from giving notice of the accident. (*Melcher v. Ocean Accident & Guarantee Corp.*, 226 N. Y. 52, distinguished.)

*Haas Tobacco Co. v. American Fidelity Co.*, 178 App. Div. 267, affirmed.

(Argued April 21, 1919; decided May 20, 1919.)

APPEAL from a judgment entered May 17, 1917, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry W. Killeen* and *Matthew W. Weimar* for appellant. The plaintiff, appellant, complied with the conditions of the insurance policy regarding " immediate notice," and was, therefore, entitled to recover from the defendant insurance company the sums paid by it to Bolger as a result of injuries to him arising from the operation of its automobile. (Richards on Insurance Law, p. 555, § 391; Cooley, Briefs on Law of Insurance, 3458-B; *Ewing v. Commercial Travelers Assn.*, 55 App. Div. 241; 170 N. Y. 590; *Solomon v. Continental Fire Ins. Co.*, 160 N. Y. 595; Fuller on Accident & Employer's Liability Ins. 373; *Will & Baumer v. Rochester Ins. Co.*, 140 App. Div. 691; *Travelers Ins. Co. v. Nax*, 142 Fed. Rep. 653; *Woolverton v. Fidelity & Casualty Co.*, 190 N. Y. 41; *Orlando v. G. E. C. Co.*, 91 Misc. Rep. 539; *Press Pub. Co. v. G. A. F. & L. Ins. Co.*, 160 App. Div. 537; *Melcher v. O. A. & G. Corp.*, 226 N. Y. 52; *Holly v. Met. Ins. Co.*, 105 N. Y. 437; *Matthews v. American Ins. Co.*, 154 N. Y. 449; Joyce on Insurance, 22, 579, § 220; *Hoffman v. Ætna Ins. Co.*, 32 N. Y. 405.)

*Charles Newton* for respondent.

ANDREWS, J. Under a policy requiring immediate notice to the insurer of accidents insured against, the

condition does not apply to every trivial occurrence even though it may prove afterward to result in serious injury. If no apparent harm came from the mishap and there was no reasonable ground for believing at the time that bodily injury would follow, there was no duty upon the insured to notify the insurer. (*Melcher v. Ocean Accident & Guarantee Corp.*, 226 N. Y. 51.)

The plaintiff here had a policy of automobile insurance issued by the defendant to protect it against accidents caused by its automobiles, containing the usual clause for immediate notice. It is conceded that on January 20, 1913, one of its machines ran into and struck Joseph Bolger, causing him injuries which subsequently resulted in a judgment in his favor for over four thousand dollars. Notice of this accident was not given until some ten days later, and the defense is based upon the alleged breach of the condition with regard to notice. The trial judge charged the jury that the plaintiff could not be required to give notice if it had no knowledge of the accident itself, and further that even if it had knowledge of the occurrence, it was not called upon to report if the circumstances were such as would not call upon a reasonably prudent person to anticipate that they might be the basis for a claim under the policy. Under this charge the jury found a verdict for the plaintiff. The judgment entered upon this verdict, however, was reversed by the Appellate Division and the complaint dismissed.

Singularly enough there is no direct evidence as to what actually occurred on January 20th. We do know that injuries were received, serious enough to justify a large recovery in damages, but as to the actual event both sides seemed content to rest upon the subsequent account of the driver of the truck. Having seen in a newspaper a statement that a Haas automobile had hit a boy, the manager of the plaintiff, on the morning of the 21st, asked the driver with regard to it. He replied that " It didn't amount to anything." He was driving into a garage and

the boy ran out from the curb and struck the machine and he was knocked down. The manager asked if the boy was hurt. The driver replied, " Only slightly, for I brushed off his clothes and he went away. There was a policeman right there. It wasn't necessary to report any accident. I don't think it amounts to much."

Under these circumstances the insured was not absolved from making the report required by its policy.

In the *Melcher* case the plaintiff heard that an outside workman employed in repairing his building had been struck by an elevator. He immediately investigated the matter. He saw the workman in question and was told by him that while he was at work in the shaft the car had struck him and raised him about a foot. He said that he was not at all hurt and as a matter of fact he continued at work for the rest of the day, leaving in the evening when the work was completed. The insured never heard any thing more of the occurrence and had no reason to suppose that there would be any serious results until some ten weeks later when the information reached him that the workman's spine had been seriously injured. He thereupon immediately notified the insurance company. We held that a recovery was permissible. The circumstances in the present case require a different result. A boy struck the machine and was knocked down. True the driver, who represented the plaintiff, believed he was only slightly hurt, for he walked away, and in his opinion the accident didn't amount to much. But no investigation was made. There was no assurance by the person struck that he was uninjured. There was no opportunity by later observations of determining that he was not in fact injured. The plaintiff relied wholly upon the driver's opinion, an opinion which as subsequent events showed was a mistaken one.

The ruling in the *Melcher* case is not to be extended. Under the peculiar circumstances there disclosed, and in view of the full investigation made, it might fairly be

said that a reasonable man was justified in believing the occurrence so trivial that no report was required. But where, as here, a boy is knocked down in the street, and at least slightly injured, the insured may not, without any investigation whatever, rely solely upon his own opinion or upon the opinion of his driver that because he went away the injury was too trivial to require attention.

The judgment of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., COLLIN and CRANE, JJ., concur; CUDDEBACK, CARDOZO and POUND, JJ., dissent.

Judgment affirmed.