MARJORIE G. RUSHING, Respondent, *v.* COMMERCIAL
CASUALTY INSURANCE COMPANY, Appellant.

(Argued June 4, 1929; decided July 11, 1929.)

*Daniel Mungall* for appellant. The court below mis-
apprehended the law as to delayed notice. (*Whiteside* v.

*North Am. Acc. Ins. Co.*, 200 N. Y. 320.) The delay of twenty-two days in this case was fatal as a matter of law. (*Haas* v. *American Fidelity*, 226 N. Y. 343; *Woolverton* v. *Ins. Co.*, 190 N. Y. 41; *Utica* v. *Ins. Co.*, 210 N. Y. 399; *Coleman* v. *Ins. Co.*, 247 N. Y. 271; *Roth* v. *Ins. Co.*, 202 App. Div. 667; *Schoenfeld* v. *Ins. Co.*, 203 App. Div. 796.)

*Irwin L. Tappen* for respondent. The court below committed no error in holding that there was no breach of the terms of the policy by the assured. (*Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116; *Solomon* v. *Continental Fire Ins. Co.*, 160 N. Y. 595; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Paltrovitch* v. *Phœnix Ins. Co.*, 143 N. Y. 73; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349; *Roth* v. *Nat. Auto Mut. Cas. Co.*, 202 App. Div. 667; *Miller* v. *Union Indemnity Co.*, 209 App. Div. 455; *Killeen* v. *Gen. Acc. Fire & Life Assur. Corp., Ltd.*, 131 Misc. Rep. 691; 224 App. Div. 719; *O'Connell* v. *New Jersey Fid. & P. G. Ins. Co.*, 201 App. Div. 117; 235 N. Y. 583.) The stipulation between the defendant and the assured cannot be interposed as a defense to this action. (*Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Schoenfeld* v. *N. J. Fid. & Plate Glass Ins. Co.*, 203 App. Div. 796; *Roth* v. *Nat. Auto Mut. Cas. Co.*, 202 App. Div. 667; *Lorando* v. *Gethro*, 228 Mass. 181; *Merchants Liability Co.* v. *Smart*, 267 U. S. 126; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235.)

CARDOZO, Ch. J. In a controversy submitted to the Appellate Division upon an agreed statement of facts, the plaintiff seeks to charge the defendant with liability under Insurance Law (Cons. Laws, ch. 28), section 109.

The defendant issued to a householder its policy of insurance indemnifying against claims for damages. A condition of the policy is that " upon the occurrence of an accident " covered thereby, " the assured shall give immediate notice, with the fullest information obtainable at the time, to the company or its duly authorized agent."

Plaintiff was injured on October 6, 1920, by falling on the stairs in the house belonging to the assured. She brought action later for her damages. The assured waited till October 28, a space of twenty-two days following the accident, before giving notice to the insurer in compliance with the policy. There was prompt disclaimer of liability, followed by a compromise. The assured consented on his part that because of the dilatory notice the insurer be relieved of liability to him for any judgment to be rendered. The insurer bound itself to defend without cost to the assured the action then pending for the recovery of damages. In the action thus defended plaintiff had a judgment which is still unpaid after return of execution. The question is whether the insurer may be held under the statute.

In the absence of explanation or excuse, a notice of an accident withheld for twenty-two days is not the immediate notice called for by the policy. There may, indeed, be circumstances, such as absence from the State or lack of knowledge of the accident, that will explain or excuse the delay and show it to be reasonable (*Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116; *Solomon* v. *Continental Fire Ins. Co.*, 160 N. Y. 595). If so, the burden of going forward with the proof and supplying the data necessary to repel the adverse inference, must rest on the assured. The consequence will be the same whether the condition be classified as precedent or subsequent, its inclusion under the one head or the other being dependent on the wording of the policy (*Black Co.* v. *London Guar. & Acc. Co., Ltd.*, 190 App. Div. 218, 221; affd., 232 N. Y. 535). If precedent, the assured must prove compliance, which includes, of course, excuse or explanation for delay that would otherwise be unreasonable. If subsequent, he must still prove compliance after a defense sufficient unless rebutted has been proved by the insurer. The plaintiff, the judgment creditor, stands in the shoes of the assured, and must abide by his case when suing on the

policy (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271). She is not, indeed, affected by the compromise, which was unavailing to divest her of rights previously accrued. She is chargeable like the assured, however, with the breach of conditions on which liability depended.

The delay in respect of notice is thus a bar to a recovery unless and until there shall be explanation and excuse. The submission does not tell us whether explanation or excuse is possible. Its silence and obscurity permit, if they do not require, a dismissal without prejudice rather than a judgment on the merits (Civ. Prac. Act, § 548; *Marx* v. *Brogan*, 188 N. Y. 431).

We agree with the Appellate Division that the defendant has failed to make out its contention that the assured forfeited the policy by failing to use reasonable efforts to co-operate with the insurer in resistance to the claim.

The judgment should be reversed, with costs in this court, and the submission dismissed without prejudice to a new submission or a new action.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment reversed, etc.