SALVATORE REINA, Plaintiff, *v.* UNITED STATES CASUALTY COMPANY, Defendant.

First Department, January 31, 1930.

*Edwin Hort* of counsel [*Frank C. Korman,* attorney], for the plaintiff.

*Terence J. O'Gorman* of counsel [*William Butler,* attorney], for the defendant.

O'MALLEY, J. The plaintiff seeks reimbursement from the defendant insurance company for a sum expended in the settlement of two actions brought to recover damages by reason of plaintiff's negligent operation of an automobile. Such settlement was effected after the defendant had refused to defend the actions. Its refusal was based upon plaintiff's alleged breach of a condition in the policy which required immediate notice of accident.

The plaintiff owned two automobiles. One, a Cadillac touring car, was covered by defendant's policy issued September 27, 1922. At this time and until March 16, 1923, plaintiff's other car, a Lincoln sedan, was covered by a policy in the Hartford Accident and Indemnity Company, hereinafter referred to as the Hartford Company. On the latter date coverage on both cars was transferred to the defendant's policy.

Subsequently and on September 19, 1923, the sedan was involved in the accident out of which the actions referred to arose. Concededly, through inadvertence and mistake, the plaintiff gave prompt notice to the broker who had secured the Hartford Company's policy on the sedan. The broker in turn gave prompt notice to the latter company. So, too, when the actions were begun by the service of the summonses and complaints upon September twenty-sixth following, the plaintiff delivered them to the same broker who again in turn sent them to the Hartford Company. The notices and summonses and complaints thus sent were retained by the Hartford Company until October fifteenth before it was discovered that its policy no longer covered the risk. On that day the defendant, for the first time, and after a lapse of twenty-six days, received notice of the accident. No question is raised with respect to plaintiff's right of settlement or as to the amount thereof.

In our view the defendant, under the authorities, must have judgment. The policy provided: " In the event of accident, the Assured shall give immediate written notice thereof to the Company, and forward to the Company forthwith after receipt thereof every process, pleading and paper of any kind relating to any and all claims, suits and proceedings. The Assured shall give to the Company full co-operation and, whenever requested by the Company, shall aid in securing information and evidence and the attendance of witnesses and in prosecuting appeals."

" Immediate notice " under this clause is notice within a reasonable time under all the circumstances. (*Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116; *Woolverton* v. *Fidelity & Casualty Co.*, 190 id. 41.) Delay, of course, may be excused. (*Rushing* v. *Commercial Casualty Ins. Co.*, 251 N. Y. 302; *Haas Tobacco Co.* v. *American Fidelity Co.*, 226 id. 343.) In *Rushing* v. *Commercial Casualty Ins. Co.* (*supra*), which is among the latest utterances of the Court of Appeals upon the precise question, it was held that a delay of twenty-two days was unreasonable in the absence of explanation or excuse. In *Haas Tobacco Co.* v. *American Fidelity Co.* (*supra*) a delay of ten days was held, in the absence of proper explanation, to be unreasonable as a matter of law.

The plaintiff relies upon the *Rushing Case* (*supra*), and urges that under its reasoning he has shown facts and circumstances to explain and excuse. In our view that case is not a sufficient aid to the plaintiff in his dilemma. There, because of absence of facts contained in the submission to show whether explanation or excuse was possible, the case was remitted for a new submission or action to be brought. The court said (p. 304): " There may, indeed, be circumstances, such as absence from the State or lack of knowledge of the accident, that will explain or excuse the delay and show it to be reasonable."

Here the plaintiff had notice of the accident on the day of its occurrence. The only excuse or explanation offered is that through his inadvertence and mistake notice was sent to the wrong company. No claim is made that he did not know of the change of coverage from the Hartford Company to the defendant. His failure to notify defendant was due to his own forgetfulness or negligence. In these circumstances we are constrained to hold that he has not sufficiently excused or explained his delay.

A like conclusion has been reached, in a case factually similar, by the Court of Appeals of Kentucky in an opinion where numerous authorities bearing on the question are collated and considered. (*Jefferson Realty Co.* v. *Employers' Liability Assur. Corp.*, 149 Ky. 741.)

It follows that the defendant should have judgment, with costs.

DOWLING, P. J., McAVOY and MARTIN, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting). I vote to grant judgment to the plaintiff. Where, as here, the plaintiff with due diligence gave immediate notice to the broker and the latter inadvertently forwarded the notice to the company which had previously written the insurance, instead of the defendant, the latter cannot plead such inadvertent

default to avoid its obligation to the plaintiff in the absence of any change of position or prejudice. It is a well-established principle that where a loss has occurred under a policy of insurance and a right to payment accrues, provisions of the policy relating to requirements after the loss must be construed liberally with a view to avoiding, if possible, an excusable forfeiture. (*Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116, 130.) In the foregoing case, where there was a delay of twelve days and the position of no one was shown to have been changed to their prejudice, Judge CRANE, writing for a unanimous court, said: " The position of no one was changed in the meantime. * * * What reason is there for placing a narrow and strict construction upon the words ' immediate notice of loss? ' When we consider that this is not made one of the conditions which voids the policy, but is linked up to those provisions relating to requirements after the loss, we should give this policy a reasonable interpretation, and a fairly liberal construction. Such is the law. A liberal construction always obtains with reference to the procedure after loss. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 389, p. 398; *Paltrovitch* v. *P. Ins. Co.*, 143 N. Y. 73, 77; *Sergent* v. *Liverpool & L. & Globe Ins. Co.*, 155 N. Y. 349; *Glazer* v. *Home Ins. Co.*, 190 N. Y. 6, 11; *Matthews* v. *American Central Ins. Co.*, 154 N. Y. 449, 457.)

" The fire occurred; there is no fraud; the loss has been sustained; the policies covered the loss, and this point relates to those things which must be done by the insured in connection with the remedy. He must give immediate notice of the loss, which we have held repeatedly means notice within a reasonable time. * * * "

In the case at bar, as soon as the mistake was discovered, and within a period of twenty-six days, the defendant was advised of the loss. There is no claim of change of position or prejudice by the delay. This is not a case of deliberate default. If such were the case, relief would not be afforded by the courts, as in the case of *Haas Tobacco Co.* v. *American Fidelity Co.* (226 N. Y. 343). Here the plaintiff having shown a reasonable excuse for the delay in the giving of notice to defendant and the latter not having changed its position or been prejudiced, the plaintiff is entitled to judgment in accordance with the submission.

Judgment directed for the defendant, with costs. Settle order on notice.