JOSEPH ABITANTE, Respondent, *v.* HOME INDEMNITY COMPANY, Appellant.

First Department, April 6, 1934.

*Fred H. Rees* of counsel [*Alexander Orr, Jr.*, with him on the brief; *Bruce & Williams*, attorneys], for the appellant.

*Victor Deutsch* of counsel [*Isidore Koeppel*, attorney], for the respondent.

UNTERMYER, J. In February, 1931, the defendant issued to the Maxwell Cheese Co., Inc., its policy of insurance against liability arising from the operation of motor vehicles. The policy contained the usual provision to the effect that " Upon the occurrence of an accident, the Assured shall give prompt written notice thereof to the Company's Home Office at New York, New York, or to an Authorized Agent. If any claim is made on account of such accident, the Assured shall give like notice thereof with full particulars." The policy also provided: " No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy."

While the policy was in effect, the plaintiff recovered judgment against the insured on account of injuries sustained on February 25, 1931, in consequence of the negligent operation of an automobile truck belonging to the Maxwell Cheese Co., Inc. After execution upon the judgment was returned unsatisfied, the plaintiff brought this action against the insurer under section 109 of the Insurance Law. The question presented to the court below was whether the insured had complied with the provisions of the policy requiring prompt notice of accidents to be given, for concededly the rights of the plaintiff against the defendant are no greater than would be the rights of the insured. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271.)

The record establishes that there was no compliance with these provisions of the policy. Notice was not given to the defendant until service of the summons and complaint in the action by the plaintiff against the Maxwell Cheese Co., Inc., forty-nine days after the occurrence of the accident. In the absence of explanation or excuse, notice so long withheld would constitute a violation of the conditions of the policy as a matter of law. (*Rushing* v. *Commercial Casualty Ins. Co.*, 251 N. Y. 302; *Reina* v. *United States Casualty Co.*, 228 App. Div. 108; affd., 256 N. Y. 537.) The excuse offered is that the insured was under the impression that the accident had been caused by a horse-drawn vehicle and that it did not know that the cause of the accident was its truck. It seems to us that

the evidence establishes quite conclusively that the representatives of the insured must have known. On the day of the accident, the driver of the truck made a complete report to the Bureau of Motor Vehicles, stating that the truck of the Maxwell Cheese Co., Inc., was involved in the accident. It further appears that the secretary and vice-president of the insured came to the scene of the accident immediately after it occurred. Together with the driver of the truck, they were present in a nearby store while the plaintiff was under treatment for his injuries by an ambulance physician. In a written statement subsequently made by the secretary, it is admitted that a person with the plaintiff at the time of the accident claimed that the truck of the insured had struck the plaintiff. At that time there was no denial by the driver of these facts, for he is said only to have stated that " if the truck he was driving did hit the man, it was with the rear, because he is postive that the front of the truck did not touch the man." Under these circumstances the Maxwell Cheese Co., Inc., could not fail to know that the claim was asserted that its truck had caused the plaintiff's injuries. By failing to give notice to its insurer of these facts, the Maxwell Cheese Co., Inc., relieved the defendant from liability on the policy arising out of the occurrence of the accident.

The judgment should be reversed, with costs, and judgment directed in favor of the defendant dismissing the complaint upon the merits, with costs.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the defendant dismissing the complaint upon the merits, with costs.