SOLOMON RIEGER, as Administrator, etc., of ROSE RIEGER, Deceased, Plaintiff, v. TRAVELERS INSURANCE COMPANY, Defendant.

City Court of New York, Trial Term, Bronx County, October 2, 1936.

*Louis P. Randall*, for the plaintiff.

*Moran, Galli & McGlinn* [*John G. Donovan* of counsel], for the defendant.

ADLERMAN, J. This action is brought by an administrator against the defendant insurance company to collect a judgment against the insured on a casualty policy of insurance after a judgment has been entered against the insured and the return unsatisfied of an execution. The defense is failure on the part of the insured to give proper notice to the defendant of the accident.

The insured was the owner of premises No. 1129 Tiffany street, Bronx, New York city. On September 12, 1934, Rose Rieger, the mother of Sylvia Rosensweig, a tenant in said premises, while descending a stairway fell and was seriously injured. This accident occurred at about four P. M. and the said Rose Rieger was taken at about four-forty-five P. M. of the same day to Lincoln Hospital where she died on September 20, 1934. The insured testified that on the 26th day of September, 1934, she learned of the death of Mrs. Rieger when she paid a condolence call on the daughter of the deceased and then for the first time learned that the said deceased sustained a fall down the rear stairway of the building and died as the result thereof. That night she told her husband about the accident, who relayed the information to her insurance broker; he in turn on October 2, 1934, wrote a letter to the defendant informing it of the accident. Thus the defendant was informed of the accident within one week after the assured learned of the same. An action was thereafter commenced against the insured and the summons was forwarded to the defendant and was returned by it with a notation of regret that it could not defend the action. The defendant did not appear and a sheriff's jury awarded the plaintiff herein the sum of $1,500.

The clause in the policy of insurance in respect to notice is as follows:

" D. In the event of accident writen notice shall be given * * * as soon as is reasonably possible thereafter."

The accident in question occurred at about four P. M. on September 12, 1934. The insured learned about it on or about September 26, 1934. The defendant insurance company actually received notice of the accident at nine A. M. on October 3, 1934, less than one week after the insured learned of the accident, and less than twenty-one days after the accident occurred. In the case of *Rushing* v. *Commercial Casualty Ins. Co.* (251 N. Y. 302), Mr. Justice CARDOZO says (at p. 304): " In the absence of explanation or excuse, a notice of an accident withheld for twenty-two days is not the immediate notice called for by the policy. There may, indeed, be circumstances, such as absence from the State or lack of knowledge of the accident, that will explain or excuse the delay and show it to be reasonable. * * * The delay in respect of notice is thus a bar to a recovery unless and until there shall be explanation and excuse."

The deceased was a woman eighty-five years old and was so badly injured that she could not converse with any one. The accident happened on a rear stairway leading from the apartment of the tenant and I place credence in the statement of the insured that she did not know of the accident until she paid a condolence call on the tenant and for the first time learned of said accident. I am satisfied that the insured did not know of said accident prior to said time and, therefore, her failure to give notice to the insurance company was excusable.

Verdict directed for plaintiff in the sum of $1,500. Ten days' stay and thirty days to make case.