ELIZABETH F. VANDERBILT et al., Appellants, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent.

Second Department, February 15, 1943.

*Jack Stanislaw* for appellants.

*George A. Garvey* and *James I. McGuire* for respondent.

*Per Curiam.* Action to recover damages for claimed breach by the defendant of a policy of insurance it issued to the plaintiffs for liability coverage against accidents on premises owned by the plaintiffs.

The defendant disclaimed liability on the ground that notice of the occurrence of an accident had not been given by or on behalf of the insured to the company " as soon as practicable," as required by the policy.

The accident occurred on June 23, 1941, and involved a grandmother of one of the insured. No notice of the accident was received by the insurance company until July 21, 1941, twenty-eight days after it occurred, although plaintiffs knew of it on the day it happened. A notice dated July 19, 1941, sent on that day, even though in proper form, would not have been a compliance with the condition of the policy, in view of the knowledge of the accident possessed by plaintiffs on June 23, 1941. However, the notice that was sent on that day did not in form purport to be " by or on behalf of the insured." Assuming, however, that it was a proper notice as to form, under the undisputed circumstances herein, twenty-eight days' delay was fatal. (*Reina* v. *United States Casualty Co.*, 228 App. Div. 108, affd. 256 N. Y. 537; *Rushing* v. *Commercial Casualty Ins. Co.*, 251 N. Y. 302; *Gullo* v. *Commercial Casualty Ins. Co.*, 226 App. Div. 429; *Haas Tobacco Co.* v. *American Fidelity Co.*, 226 N. Y. 343.) These cases are controlling, although they concern provisions in policies requiring " immediate notice," inasmuch as such words have been given an enlarged or expanded meaning. They hold that notice " within a reasonable time under all the circumstances " connotes or constitutes immediate notice. A notice required to be made " as soon as practicable " likewise requires notice to be given " within a reasonable time under all the circumstances." The case law in respect of " immediate notice " makes these two words have the same effect as the clause " as soon as practicable " here involved; hence the foregoing cases are authoritative herein.

The undisputed facts in respect of the interview had in the week beginning August 13, 1941, between the defendant's representative and one of the plaintiffs, do not constitute a waiver of the failure to serve a timely notice. A prerequisite to a waiver is that there be full knowledge of the facts. It was not until the interview occurred that the defendant was informed that the insured had knowledge on June 23, 1941, of the happening of the accident; and that the person involved therein was a grandmother of one of the insured. Until defendant insurance com-

pany was apprised of the date of the insured's actual knowledge as to when the accident had occurred, it could not determine whether or not the letter claimed to constitute notice was timely. Earlier action would have been at its peril. When it acquired this information it seasonably disclaimed liability, and had no responsibility for what thereafter occurred in the action against plaintiffs brought by the grandmother of one of them.

The judgment should be affirmed, with costs.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and LEWIS, JJ., concur.

Judgment unanimously affirmed, with costs.