## AMERICAN LUMBERMENS MUT. CASUALTY CO. OF ILLINOIS v. KLEIN et al.

### Civil Action No. 5789.

District Court, E. D. New York.

Nov. 16, 1945.

Evans, Rees & Orr, of New York City (Alexander Orr, Jr., of New York City, of counsel), for plaintiff.

Jacob J. & Jay O. Kramer, of New York City, for defendant Emory I. Klein.

Austin G. Cocuzza, of Brooklyn, N. Y., for defendant Frank Lazzara.

MOSCOWITZ, District Judge.

The plaintiff herein seeks a declaratory judgment under 28 U.S.C.A. § 400.

On July 29, 1943, the plaintiff issued its policy of liability insurance insuring the liability of the defendant Klein. The policy of insurance provides that upon the happening of an accident written notice shall be given by or on behalf of the insured to the plaintiff or any of its authorized agents "as soon as practicable".

On November 29, 1943, the defendant Lazzara was injured by reason of the alleged careless operation of Klein's automobile. Notice of the accident was not given by Klein to plaintiff until January 24, 1944. Klein states the reason why he did not give notice to the plaintiff earlier is due to the fact that he did not believe that the accident caused any injury to Lazzara. Klein's delay from November 29, 1943, until January 24, 1944, in informing the plaintiff of the accident was sufficient to avoid the policy. See Haas Tobacco Co. v. American Fidelity Co., 226 N.Y. 343, 123 N.E. 755, 13 A.L.R. 132; Rushing v. Commercial Casualty Insurance Co., 251 N.Y. 302, 167 N.E. 450; Reina v. United States Casualty Co., 228 App.Div. 108, 239 N.Y.S. 196; Gullo v. Commercial Casualty Insurance Co., 226 App.Div. 429, 235 N.Y.S. 584; Vanderbilt v. Indemnity Insurance Co. of North America, 265 App.Div. 495, 39 N.Y.S.2d 808; Abitante v. Home Indemnity Co., 240 App. Div. 553, 270 N.Y.S. 641.

Under New York law which governs the consideration of this case, a notice required to be made "as soon as practicable" is to the same effect as a notice required "within a reasonable time under all the circumstances." "Immediate notice" is to the same effect as "as soon as practicable." [265 App.Div. 495, 39 N.Y.S.2d 809] In Haas Tobacco Co. v. American Fidelity Co., supra, it was held that a delay of 10 days in notifying the insurance company was fatal, also a delay of 22 days in Rushing v. Commercial Casualty Insurance Co., supra. In Gullo v. Commercial Casualty Insurance Co., supra, there was a delay of 11 days. In Vanderbilt v. Indemnity Insurance Co. of North America, supra, there was a delay of 28 days. In the case at bar there was a delay of 56 days. There may be circumstances where a delay of 56 days may not avoid a policy. Such an instance might be where the assured was too ill, or there might be other circumstances under which a delay of 56 days might be justifiable. However, here no notice was given for the reason that Klein believed that Lazzara suffered no injury. That would not justify him in not giving notice to the insurance company. Abitante v. Home Indemnity Co., supra.

Motion for summary judgment granted.

Settle order on notice.