CHESTER W. CHINN, Plaintiff, *v.* BUTCHERS' MUTUAL CASUALTY COMPANY OF NEW YORK, Defendant.

City Court of the City of New York, Trial Term, New York County, June 12, 1947.

*Harold A. Stevens* for plaintiff.

*Lawrence Eichler* and *Emanuel Morgenbesser* for defendant.

McCullen, J.  This case came on for trial before the court without a jury.  The statutory provision for findings of fact and conclusions of law was not waived.

The plaintiff, Chester W. Chinn, was insured with the defendant, Butchers' Mutual Casualty Company of New York, by an automobile liability policy which provided for insurance against personal liability and property damage.  It provided also that in case legal proceedings were taken against the plaintiff to enforce any claim for damages on account of an accident or claim covered thereby, the insurer would defend at its own cost and expense on behalf of the insured.  The plaintiff was made a party to a suit arising out of an alleged automobile accident which occurred on February 2, 1943, in which suit it was claimed that on such day the plaintiff's automobile was involved in a collision with a taxicab.  The occupants of the cab instituted an action in the Supreme Court against the owners of the cab, and by order dated October 9, 1945, permission was granted to bring Chester W. Chinn, this plaintiff, into the case as a party defendant.

Service of the summons and complaint was made on Chester W. Chinn on December 20, 1945, and delivered by him to the insurer with a request to defend.  The insurer refused to defend and returned the summons and complaint.  Chinn then retained private counsel to defend him in the Supreme Court action which was for $53,000.  A trial was had in that Supreme Court action before the court and a jury, and at the conclusion of the plaintiff's case, the suit was settled between the defendant therein, Beekman Cab Corporation, and the plaintiff therein, and it was discontinued as against the defendant Chinn without costs.

The present action was later instituted by Chinn against the insurer for damages for breach of contract — Chinn seeks indemnification for expenses incurred in defending the Supreme Court action to which he had been made a party, as hereinabove explained.

The policy between the present plaintiff and the present defendant provides: " If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative ".

The defendant admits that it received the summons and complaint forwarded by Chinn on December 20, 1945, but contends that as there had been a delay of one year and ten months in reporting the accident, it properly disclaimed any and all liability in the case under the terms of the policy, and that it was justified in returning the said summons and complaint to the insured.

The evidence shows that the plaintiff's car, while being driven by the plaintiff's wife along Deegan Boulevard, came to a stop at a point where a taxicab owned by the said Beekman Cab Corporation and a truck owned by some other concern had had a collision, which occurred before her arrival upon the scene; that the taxicab was parked partly across the road, and that the driver of the cab who was standing nearby, told her to proceed and guided her past his cab; that the roadbed was icy; that in passing the taxicab she, Mrs. Chinn, felt a slight bump against the rear bumper of the taxicab and, being directed by the taxi driver nevertheless proceeded along. She testified, and I accept her testimony, that she believed that the slight bump against the taxi was of no consequence, and, that so believing, she proceeded along the road until she came to a corner at which there was a traffic light which was red for her and that she stopped; that while so stopped and awaiting the change of the traffic light, another car, not concerned in the previous incident, came up behind her and hit the rear of her car, doing some damage to the car which she was driving; that she alighted and talked with the driver of the car and that when he stated he did not have his license with him, she made a note of the license number of the car, and thereafter told her husband, this plaintiff, about both incidents; that Chinn made inquiry of the Police Department of the City of New York concerning the identity of the owner of the car which had collided with his car and that after obtaining such name and address from the Police Department, he made inquiry of that person and was informed, to his satisfaction, that the owner of record of the car (the license number of which his wife had reported to him) was not the owner of the car which had actually collided with his own automobile and that then, as the damage was not extensive, he had the car repaired, paid for it himself, and did not report the matter either to the Butchers' Mutual Casualty Company, the defendant herein, or to the New York State Motor Vehicle Bureau. That nothing more was thought of the matter until December 20, 1945, when he was notified he had been made a codefendant in the Supreme Court action in which

the Beekman Cab Corporation was the other defendant. For some not apparent reason the owner of the truck which is alleged to have collided with the taxicab of the Beekman Cab Corporation before the arrival of Mrs. Chinn on the scene, does not seem to have been made a party to the Supreme Court case.

At the trial before me and at the close of the plaintiff's case the defendant rested but stipulated as follows: " The defendant will concede that if the plaintiff offered proof as to the reasonable value of the services of counsel with respect to the defense of the Supreme Court action, he would testify that they would reasonably be worth $350 without conceding that evaluation."

There is a provision in the policy between the plaintiff and the defendant which reads: " Where an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable."

The policy of course is a contract. How, reasonably, did the insured and his wife understand its provisions? The insured says that there was no accident between his car and the taxicab, and that is all there is to the case. What did or did not happen between the insured's car and some other car, at a later time and at some other location, should have no bearing on the merits of this present suit between the insured and the insurer defendant.

An accident has been defined as an undesigned and unforeseen occurrence of an afflictive or unfortunate character resulting in bodily injury to a person or damage to property. The insured insists that there was no accident, and therefore he could not report it before the papers in the Supreme Court case were served on him, when for the first time he learned that there had been an occurrence which is now denominated an accident, and that he then at once forwarded the papers, the summons and complaint in the Supreme Court action, to the defendant insurer.

In view of the evidence it would seem that notice was given to the defendant insurer as soon as practicable, as provided by the policy.

The requirement in the policy for notice within a definite period is not absolute. In *Rushing* v. *Commercial Casualty Ins. Co.* (251 N. Y. 302, 304), where the facts do not appear to have been as favorable to the insured as those in the present case, the court stated: " There may, indeed, be circumstances, such as absence from the State or lack of knowledge of the accident, that will explain or excuse the delay and show it to be reasonable * * *."

Certain langauge in *Hermance* v. *Globe Indemnity Co.* (221 App. Div. 394), seems significant. In that case, although the assured claimed to have no knowledge of the accident and that he therefore did not report it, a further investigation indicated that the circumstances were such as should have caused the assured to know or reasonably believe that the accident did occur. Even so, the court stated (pp. 395–396): "If he was unaware of the accident his policy did not require him to perform impossibilities. He could not give the company notice of that which he did not himself know."

"The rule has been repeatedly stated that a reasonable time, when the facts are undisputed and different inferences cannot reasonably be drawn from the facts, is a question of law." (CRANE, J., in *Greenwich Bank* v. *Hartford Fire Ins. Co.,* 250 N. Y. 116, 131; see, also, cases therein cited). This is one of those general rules however, which is sometimes difficult of application and results in the question being left to the jury when it is near the border line. (*Carpenter* v. *German American Ins. Co.,* 135 N. Y. 298, 303.)

It seems to me that in the present case the facts are undisputed and diverse inferences were not drawn from these true facts; for witness the record of the disposition of the cause of action in the Supreme Court, where the cause was discontinued as against the plaintiff herein apparently because of the very facts from which he, plaintiff, had himself decided that there was no accident and therefore no necessity to report one.

As to other cases such as *Vanderbilt* v. *Indemnity Ins. Co. of North America* (265 App. Div. 495), *Abitante* v. *Home Indemnity Company* (240 App. Div. 553), *American Lumbermens Mut. Casualty Co.* v. *Klein* (63 F. Supp. 701) and *Haas Tobacco Co.* v. *American Fidelity Co.,* 226 N. Y. 343), it would seem that in none of these cases did any of the litigants have any of the elements found herein of justification for failure to notify the insurer.

In *Melcher* v. *Ocean Accident & Guarantee Corp.* (226 N. Y. 51), the court stated at page 56: "It is not every trivial mishap or occurrence that the assured under such a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury. The Supreme Court of Nebraska has had occasion to consider the insurance company's liability under similar circumstances, and has said: 'The word "accident" is susceptible of and has received many

definitions, varying with the connection in which it is used * * *. As used in an indemnity policy, such as this, we are of the opinion that the word "accident" means an undesigned and unforeseen occurrence of an afflictive or unfortunate character, resulting in bodily injury to a person other than the insured. It is evident that it cannot have been the intention of the parties that such an accident as a mishap, casualty or misadventure occurring without bodily injury to anyone should be reported, since, with such an occurrence, the defendant has no concern. * * * If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer.' (*Chapin v. Ocean Accident & Guarantee Corp.*, 96 Neb. 213.) "

Two months after the decision in the *Melcher* case (*supra*), the court in a prevailing opinion written by ANDREWS, J., with HISCOCK, Ch. J., and COLLIN and CRANE, JJ., concurring, and CUDDEBACK, CARDOZO and POUND, JJ., dissenting, said: "The ruling in the *Melcher* case is not to be extended. Under the peculiar circumstances there disclosed, and in view of the full investigation made, it might fairly be said that a reasonable man was justified in believing the occurrence so trivial that no report was required." (*Haas Tobacco Co. v. American Fidelity Co.*, 226 N. Y. 343, 346–347, *supra*.)

It does seem to me that the bump against the standing taxicab, while Mrs. Chinn was passing it under the guidance of the taxi driver, was of such a trivial nature as to bring it within the rule applicable to trivial occurrences; it was such a happening that a reasonable person could be expected to believe that it did not require a report to the insurer. The subsequent result in the Supreme Court action in which Chinn was joined, but which was discontinued against him, bears out the conclusion which Chinn had originally come to, that there was no accident to report.

It is interesting to note that in *American Lumbermens Mut. Casualty Co. v. Klein* (63 F. Supp. 701, *supra*) the case of *Melcher v. Ocean Accident & Guarantee Corp.* (226 N. Y. 51, *supra*) was not referred to.

Judgment may be entered in favor of plaintiff and against the defendant in the sum of $350 with interest pursuant to section 480 of the Civil Practice Act from date of institution of the present action, plaintiff having failed to prove the exact date before the commencement of the action when he incurred the obligation in suit.

Ten days' stay of execution; sixty days to make a case.