Emanuel Dworkin, Plaintiff, *v.* Aetna Casualty and Surety Co., Defendant.

City Court of the City of New York, Trial Term, New York County, March 14, 1949.

*Philip Goldfarb* for plaintiff.

*Daniel Miner* and *Gregory Lee* for defendant.

McCULLEN, J.   In this cause of action tried by the court without a jury, the plaintiff alleges damages of $2,500 against the defendant insurance company stating that a disclaimer of responsibility by the defendant was wrongful and improper and contrary to the covenants and agreements contained in a specific policy between the plaintiff and defendant.

The plaintiff is the owner of a retail drugstore and on March 11, 1944, the defendant issued to him a druggists' Products Public Liability Policy Number DL1L 107201 whereby defendant insured the plaintiff for the period from March 11, 1944, to March 11, 1945, against, among other items, the following hazards: " Bodily injury including death  *  *  *  sustained by any person or persons  *  *  *  caused by accident and arising out of the preparation, compounding, dispensing, sale or misdelivery  *  *  *  of drugs, medicines or merchandise ".

A condition of the policy provides that " When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable ".

On February 14, 1945, the plaintiff received a prescription of one Dr. E. Fiore for one Anthony Pagnucco, who was fifteen months of age.   The plaintiff compounded the prescription, placed his label on the bottle and delivered it to the infant's father during the evening of February 14, 1945.   On the following day, February 15, 1945, plaintiff recompounded the prescription, making certain changes, placed it in a new bottle and went with it to the Pagnucco home.   He delivered the new prescription to the infant's parents and secured and took away the bottle containing the original mixture.   About one ounce of the original mixture had been used and plaintiff disposed of the bottle and the remainder of its contents.

At about midnight of February 17, 1945, two detectives of the police department of the city of New York called at plaintiff's home and took him to the 45th police precinct where he was questioned by detectives and by an assistant district attorney about the prescription he had compounded for the Pagnucco infant. He was then taken to his pharmacy and the police took his prescription register and several of his prescriptions including the one for the Pagnucco infant. He was then taken back to the police station where he was informed the Pagnucco infant had died and the questioning with respect to the prescription and to the substitution of the second bottle continued until daybreak of February 18, 1945, at which time the plaintiff was allowed to return to his home. The police retained several pages of plaintiff's register and a number of his prescriptions for a period of several weeks.

About two or three days thereafter plaintiff was again taken to the police station and questioned by detectives about the Pagnucco prescription from ten o'clock in the morning until three o'clock in the afternoon. He was advised at that time that an autopsy had been performed on the infant but apparently was not advised of the result.

On September 10, 1945, the plaintiff was served with a summons and complaint in an action brought in the Supreme Court, Bronx County, entitled "Anthony Pagnucco as administrator, etc. of Anthony Pagnucco, Jr., deceased v. Emanuel Dworkin." In such complaint it was alleged that on or about February 14, 1945, Emanuel Dworkin negligently and carelessly compounded a prescription given by one Dr. Fiore so as to include therein harmful and poisonous substances not prescribed and that by reason thereof the infant, Anthony Pagnucco, Jr., after having been given the medicine so compounded was caused to die. This summons and complaint was personally delivered by the plaintiff Dworkin to the defendant on September 10, 1945, and constituted the first notice given by plaintiff to defendant or its representative of this accident.

Because of plaintiff's failure to give notice of the accident as required, defendant disclaimed responsibility under the policy and returned the summons and complaint to plaintiff. Plaintiff undertook the defense of the action by his own attorney and, on November 13, 1947, entered into an agreement with Anthony Pagnucco, as administrator, etc., whereby the claim that Anthony Pagnucco, Jr., died as a result of Dworkin's negligence in compounding the prescription was settled by the payment of $1,500 by Dworkin to said administrator.

Plaintiff now brings this action to recover said sum of $1,500 and also for the further sum of $1,000 for counsel fees and expenses. An important condition of the policy in this case requires that written notice of the accident shall be given to the company '' as soon as practicable ''. '' As soon as practicable '' has been held to mean '' within a reasonable time under all the circumstances.'' (*Vanderbilt* v. *Indemnity Ins. of North America*, 265 App. Div. 495.)

Almost seven months elapsed between February 14, 1945, when the accident occurred and September 10, 1945, when notice first was given to the defendant insurance company. Such a delay is not reasonable under the circumstances and is a bar to recovery. (*Rushing* v. *Commercial Cas. Ins. Co.*, 251 N. Y. 302; *Reina* v. *United States Cas. Co.*, 228 App. Div. 108, affd. 256 N. Y. 537.) Investigation will bring us to *Melcher* v. *Ocean Accident & Guar. Corp.* (226 N. Y. 51) and *Chinn* v. *Butcher's Mut. Cas. Co.* (190 Misc. 117) but both of those cases are readily distinguishable from our present case. The *Chinn* case (*supra*) was tried in this court before me without a jury.

In our present case all of the circumstances are such that the plaintiff must have known what he was doing and failed to inform the defendant of the details of the accident through his own carelessness if not for some other reason. He is a pharmacist and must, by ordinary reasoning, understand his rights and obligations. He indicated knowledge of some irregularity when he voluntarily substituted a new prescription for the original mixture on February 15, 1945, which was the day after the original mixture was compounded and delivered. He should have known something was irregular when the police examined and cross-examined him during the night and into the next day and then seized his records. Such circumstances would certainly require anyone to place his insurance company on immediate notice. Under all of the facts and circumstances the plaintiff did not give notice of the accident within a reasonable time. Judgment is for the defendant dismissing the complaint on the merits.