ANTHONY DESO, Respondent, *v.* LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Appellant.

Third Department, November 9, 1956.

*John J. Scully* for appellant.

*Arthur J. Harvey* for respondent.

*Per Curiam.* The question raised by this appeal is whether the defendant's insured, against whom plaintiff has recovered

a judgment for personal injuries, gave timely enough notice of accident to come within the requirements of the policy of insurance. A jury has found against the defendant on this issue.

Plaintiff lived in a house owned by Allesandro Lasigna, who also was the foreman on the job where plaintiff worked. On February 12, 1951 plaintiff fell down the stairs in the house. Mr. Lasigna, hearing the noise, came out of his own apartment and plaintiff said to him " It's all right " and that " Nothing " was the matter.

Plaintiff continued working and sometime in February told Lasigna his back hurt and was assigned lighter work. There is no proof that at this time plaintiff associated his back condition with his fall or that there was anything said to the assured Lasigna that it was thus associated.

In May, 1951 plaintiff was advised by his physician to have his back treated surgically and that there was some association between his fall in February and the physical condition; and this was communicated to the assured at about that time or shortly after plaintiff went to the hospital on June 9.

Notice of the accident was given defendant on July 18 on a blank furnished by the company to the assured during the month of July. An oral discussion of the accident was had at the office of the defendant by a representative of assured several days earlier than July 18. Plaintiff has recovered a judgment against the insured for which defendant has disavowed responsibility and plaintiff sues on that judgment.

The policy of insurance requires notice of accident be given the defendant " as soon as practicable ". Whether such notice was so given by the assured in this case is a question of fact; and we think the verdict in favor of plaintiff on this issue is not against the weight of the evidence.

The duty to report any event as an accident arises when the circumstances are such that it would appear reasonable to a sensible person that an accident had occurred. For example, where " a boy is knocked down in the street, and at least slightly injured " it has been held that the assured was obligated to report the occurrence. (*Haas Tobacco Co.* v. *American Fidelity Co.*, 226 N. Y. 343, 347.) But in *Melcher* v. *Ocean Acc. & Guar. Co.* (226 N. Y. 51) the court decided that where an accident had occurred under circumstances which would not have alerted the assured to its accidental nature, it need not be reported until such knowledge had been acquired.

A clear statement of the relation of the *Melcher* case to the rule is given in the *Haas Tobacco* case decided a short time later and reported in the same volume of the reports. In decid-

ing the *Melcher* case the court was announcing the rule that "If no apparent harm" had been done by the incident and there is "no reasonable ground for believing at the time bodily injury would follow" there is no present duty to report to the carrier (226 N. Y. 345). The issue here, therefore, is to be resolved as a question of fact and not one of law.

The judgment should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Judgment affirmed, with costs.