Thomas A. Aurelio, J.
This is an action for a declaratory judgment by which plaintiff seeks an adjudication relieving it from any and all obligations under a liability insurance policy issued to defendants Cullen and Bartels, covering a house they owned in Katonah, New York. Plaintiff has disclaimed liability upon the ground that defendants failed to give it written notice, as soon as practicable, of the alleged occurrence on February 25, 1958, of an accident to defendant Louis N. Schappert, as was required by the provisions and conditions of the policy, to wit: “ 9. Notice of Accident. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.”
Admittedly, no written notice was ever given to plaintiff, and the reason for the failure to do so is apparent from defendant Bartels’ own statement in writing given to plaintiff’s investigator, as follows:
‘ ‘ I heard from Mr. Louis Schappert on or about Feb. 25,1958, that he fell while going to the incinerator on my property. I was shoveling snow on that day and Mr. Schappert told me he fell on that day. Schappert then wrote me a letter in March of 1958 informing me that he hurt himself on Feb. 25 and that I should inform my insurance carrier. This is the first I knew that there was going to be a claim made. I did not think it was my responsibility so I did not report it to my insurance co. Then I was served with a summons at the fire house in New Rochelle on Tues. or Wed., August 26 or 27,1958. I then sent the summons to my broker.
*721 ‘ ‘ I told Cullen, about the accident when I received the letter from Schappert he said forget about it. We did not think it was our responsibility. ’ ’
Schappert’s letter dated March 26, 1958 reads as follows:
‘ ‘ Dear Mr. Bartels:
‘ ‘ I wish to notify you that I have been confined to my bed and under Doctor’s care for several weeks as the result of a fall which occurred February 25th, 1958, on the icy path near the incinerator where I had disposed of some trash. Please inform your insurance company of this claim. ’ ’
Failure to give the required notice was fatal. (See Vanderbilt v. Indemnity Ins. Co. of North America, 265 App. Div. 495 and cases cited therein.)
However, the defendants contend that a waiver based on estoppel has been established. In support of this contention, George Vergara, the insurance broker who sold the policy to defendants, was called as a witness for the defendants. He testified that shortly after the occurrence of the accident, defendant Cullen called him and reported the accident to him, and that he (Vergara) not long thereafter met Mr. O’Brien, an agent of plaintiff, and mentioned to him the occurrence of this accident and that Mr. O’Brien said he would take care of the matter. Mr. O’Brien, testifying for plaintiff, denied the accident had been reported to him, and testified further that the first knowledge plaintiff had of the accident was on September 2, 1958, when it received the summons and complaint which was forwarded by the insurance broker, George Vergara, by a letter dated August 28, 1958, stating that the summons and complaint had been served on defendant Bartels, on August 26, 1958. Plaintiff, to contradict Vergara’s testimony that he had mentioned the accident to Mr. O’Brien personally, put in evidence a statement in writing, dated September 18, 1958, taken by plaintiff’s investigator from Vergara, which he signed, to wit:
“ I sold an O L T policy to Edward Cullen and Walter Bartels on their property in Katonah, N. Y., this was placed with the Midtown Agency.
“ An accident that happened around Feb 25 1958 at or near #11 Cedar Rd., Katonah, R Y., on or near property belonging to Edward Cullen and Walter Bartels was reported to me by telephone by Mr. Edward Cullen just after the accident and before the 1st of March 1958. He told me that the accident happened away from his premises on another person’s property. He did not report it to me in writing as he did not think he was involved since it was not his property. I reported this accident to Midtown Agency by telephone right away. I reported by *722 telephone only to Midtown Agency and not in writing. I reported to someone in the liability department of the Midtown Agency right after the accident. I did not hear anymore about this accident from Mr. Cullen or Bartels until suit was commenced in Aug of 1958. ” (Emphasis mine.)
It will be noted that this statement does not say that the notice was given personally to Mr. O’Brien, as was claimed upon the trial by Mr. Vergara.
Upon the entire record before me, I find and decide that the failure of the defendants Cullen and Bartels to give plaintiff written notice of the accident was fatal, and that defendants have failed to establish a waiver by estoppel.
Accordingly, judgment is rendered in favor of plaintiff as prayed for in the complaint.