■ ALLEN R. HURLBURT, Appellant, v. LIBERTY MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants.— STALEY, JR., J. Appeal from a judgment dismissing the complaint in an action for declaratory judgment upon the ground that the plaintiff did not comply with the condition of plaintiff's liability policy with the defendant in that he failed to give written notice of the accident for which coverage is claimed as required by the policy. The policy involved contained, as Condition No. 1, the customary requirement regarding "Notice of Accident" which reads in part: "When an accident occurs, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable." The accident for which coverage is sought occurred on June 30, 1962 at which time plaintiff was operating his motorcycle in a southerly direction along Route 7 in the Town of Colesville, Broome County, New York. He was "riding the lead" followed by four other motorcycles including one operated by one Almy. As he was proceeding along the highway, his motorcycle was hit in the left rear crash bar, and he.lost control of his machine, skidded up the highway approximately 150 feet. Immediately following the accident, plaintiff observed that the Almy motorcycle had been in collision with an automobile operated by one Sauntry, and that Almy was lying in the roadway near the Sauntry automobile. At the time of the contact with plaintiff's motorcycle, the Sauntry vehicle was south of plaintiff's motorcycle and coming towards him. On the night of the accident a Deputy Sheriff came to plaintiff's home and questioned him about

the accident, and filled out an accident report in his presence stating therein that three vehicles were involved in the accident including plaintiff's motorcycle. The next day plaintiff learned of the death of Almy as a result of the accident. About a week after the accident, plaintiff told one Kellam, his insurace broker, about the collision between the two motorcycles. At that time it was left to the broker's discretion whether or not to fill out a motor vehicle accident report which was not done. It is conceded that plaintiff's conversation with the broker did not constitute notice to the defendant. On October 19, 1962, plaintiff attended a motor vehicle hearing concerning the suspension of his license which was not suspended and, at the suggestion of the State, he filed a motor vehicle accident report with the Department of Motor Vehicles. At the motor vehicle hearing plaintiff was represented by counsel. In March, 1963, plaintiff was served with a summons and complaint by the Almy estate which was promptly mailed to the defendant and received by the defendant on March 12, 1963. The principal issue on this appeal is whether or not the plaintiff gave to the defendant insurance company written notice of the accident "as soon as practicable". Plaintiff contends his failure to give written notice prior to March 12, 1963 was excusable because he was unaware of the fact that he had been involved in an accident. The record amply supports the holding of the court below, since plaintiff was aware of the Sheriff's report; he discussed the possibility of an accident with his insurance broker within a week after the accident; and he attended a motor vehicle hearing relative to the accident and filed a motor vehicle accident report in October, 1962. These events indicate that plaintiff knew or should have known that he was involved in the accident, and the delay in notifying the company for more than eight months from the date of the accident and more than four months from the motor vehicle hearing is inexcusable, and he has failed to comply with the policy provisions as to notice. In the absence of any reasonable excuse for plaintiff's delay, notice so long withheld constitutes a violation of the conditions of the policy as a matter of law. (*Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127; *Abitante* v. *Home Ind. Co.*, 240 App. Div. 553; *Vanderbilt* v. *Indemnity Ins. Co. of North America*, 265 App. Div. 495; *Reina* v. *United States Cas. Co.*, 228 App. Div. 108, affd. 256 N. Y. 537.) Judgment affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.