Nicholas M. Pette, J.
Plaintiff herein seeks declaratory judgment with reference to an insurance policy of house owner’s liability insurance made by the plaintiff to the defendants McCaffrey.
The parties stipulated to the following facts: (1) that on June 18, 1953, plaintiff insurance company issued and delivered to McCaffrey said liability policy for three years covering premises 7225 Kessel Street, Forest Hills, New York; (2) On March 5, 1955, defendant Harry Skow, instituted an action against the McCaffreys in the Supreme Court, Queens County, predicated upon alleged personal injuries sustained on the insured premises on January 15,1954 while delivering coal; (3) the first notice received by the plaintiff insurance company was on March 8,1955, approximately one year and two months after the alleged accident; (4) the plaintiff insurance company disclaimed liability because of the late notice and bases its right of disclaimer upon the provision in the policy which required notice in writing as soon as practicable, as follows: “1. Notice of Accident. Upon the occurrence of an.accident written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient' to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.”
The crux of this action depends on whether or not the insured defendants McCaffrey gave the proper notice to plaintiff insurer of the accident as soon as practicable.
Plaintiff stresses the fact that the insured had actual knowledge of the claimed injury on January 15, 1954 and failed to properly notify it in compliance with the provisions of its policy.
The defendant testified and submitted evidence that at the time of the alleged accident on January 15,1954, there had been some snow on the sidewalk and that he had put some ashes *169 thereon before the coal was taken from the truck. He had no actual knowledge of the alleged accident other than a statement by one of the three delivery men that one of them had slipped and was sitting in the cab of the truck. McCaffrey stated that he asked the man if he was hurt and did he wish medical attention; the person who was asked these questions refused these requests and apparently there was no evidence that the man who presumptively slipped, had slipped either on the sidewalk, the highway or the insured premises. Information having been given to Mr. McCaffrey by another of the delivery men, that the person who had slipped had a bad knee or leg which frequently gave out under him. There was no definite indication at the time, or proof, that established that the insured McCaffrey had actual knowledge of the accident occurring on the insured premises and apparently did not put him on notice of such accident being one that would be required to the plaintiff insurer under the terms of this policy.
As stated in the leading case of Melcher v. Ocean Acc. & Guar. Corp. (226 N. Y. 51), it is not every trivial mishap or occurrence that the insured under a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury. The Court of Appeals in the case cited, further held (p. 56): “ The Supreme Court of Nebraska has had occasion to consider the insurance company’s liability under similar circumstances, and has said: ‘ The word “ accident ” is susceptible of and has received many definitions, varying with the connection in which it is used * * * As used in an indemnity policy, such as this, we are of the opinion that the word “ accident ” means an undesigned and unforeseen occurrence of an afflictive or unfortunate character, resulting in bodily injury to a person other than the insured. It is evident that it cannot have been the intention of the parties that such an accident as a mishap, casualty or misadventure occurring without bodily injury to anyone should be reported, since, with such an occurrence, the defendant has no concern. * * * If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer. ’ (Chapin v. Ocean Accident & Guarentee Corp., 96 Neb. 213.) ” (Emphasis supplied.)
After due consideration and deliberation of all of the facts and the proof adduced upon this trial, I find that the plaintiff has failed to sustain the burden of proof required to establish the allegations of its complaint.
*170 Accordingly, judgment is hereby granted in favor of the defendants dismissing the complaint upon the merits.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment on notice.