Thomas A. Aurelio, Spec. Ref.
This is an action for a declaratory judgment. The issue presented is whether defendant American Motorists Insurance Company validly disclaimed liability of its automobile liability insurance policy issued to defendant Joseph Bock; and if it did, whether plaintiffs may proceed against the defendant MVAIC under article 17-A of the Insurance Law. The individual defendants have not appeared or answered.
The case was submitted on an agreed statement of facts on April 5, 1968. It appears that on August 26, 1963 the plaintiffs, all of whom are infants under 10 years of age except Nathan, were passengers in an automobile driven by defendant Ben Shafran with the permission of the owner Joseph Bock. While driving through Monticello, an accident occurred causing the plaintiffs to be thrown to the pavement. The action to recover damages for the personal injuries they claim to have sustained was commenced in the Supreme Court, Kings County, by service of a summons and complaint upon defendant Joseph Bock on August 30, 1965 and is now pending. The automobile was covered by a policy of automobile liability insurance issued to defendant Bock, the owner of the car, by the defendant American Motorists, some time prior to the accident. As soon as he was served with the summons and complaint on August 30, 1965, more than two years after the accident, he immediately notified his insurance carrier, defendant American Motorists, this being the first notice from any source the insurance carrier was given of the accident. On September 17, 1965 American Motorists disclaimed liability by letters to its assured defendant Bock; to defendant Shafran, the driver of the car; and to attorney Marcel Weisman, associate counsel for the plaintiffs. The disclaimer was based on Bock’s failure to report the accident within a reasonable time as required by the terms of the policy. The record shows Leon Traube, Esquire, the attorney for the plaintiffs, mailed claim letters dated October 1, 1963 both to defendant Bock, the owner of the car, and defendant Shafran, the operator. No reply was received. A follow-up claim letter was mailed to defendant Shafran on October 15, 1963. No reply was received. In a recorded statement of defendant Bock, taken September 7, 1965, by defendant American Motorists, Bock stated he had loaned the car to defendant Shafran and that when Shafran returned the car to him that day Shafran told him that he had picked up a hitchiker somewhere near Monticello who fell out of the car and ‘ ‘ I asked him if this fellow was hurt or not, and he said no, nothing serious so I figured forget it ”; and that he did not notify his *820 insurance broker because “I did not think it was anything at the time ’ ’— that he 1 ‘ wasn’t in the car at the time ’ ’.
Both the plaintiffs and the defendant MVAIC now contend that upon the information Bock had received from Shafran there was no duty on Bock’s part to report the occurrence to his insurance carrier because he was justified in treating it as a trivial matter. Numerous cases are cited by both and relied upon as so holding, among which see Melcher v. Ocean Acc. & Guar. Corp. (226 N. Y. 51) and General Acc. Fire & Life Assur. Corp. v. Skow (2 Misc 2d 167). Be that as it may, there is present in this case an additional factor that has a direct bearing on the question of the validity of the disclaimer by American Motorists and that is the claim letter dated October 1, 1963 mailed by the plaintiffs’ attorney Traube to defendant Bock wherein it is stated: “I have been retained by Nathan Gertzulin and his family to institute an action against you for personal injuries and the property damage sustained by them due to the negligent operation of your car by Benjamin Shafran on August 26,1963. Please forward this letter to your insurance company”. This letter was mailed to Bock 36 days after the occurrence of the accident and would have given notice to the insurance carrier if Bock had turned it over to the insurance carrier, which he did not do. Clearly, this letter put Bock on notice that personal injuries and property damage were claimed and a lawsuit would be commenced. Thus, Bock could no longer treat the occurrence as a trivial matter and not report it to defendant American Motorists as required by the terms of the policy. Accordingly, I find and decide the disclaimer by American Motorists to its insureds was valid and precludes such insureds and the claimants from recovery under the policy.
With respect to the claim of plaintiffs against MVAIC pursuant to the provisions of article 17-A of the Insurance Law, MVAIC as and for an affirmative defense and a counterclaim herein alleges that the disclaimer by the defendant American Motorists ‘ ‘ was the result of the failure of the plaintiffs to give timely written notice to the said insured as soon as reasonably possible ” pursuant to section 167 (subd. 1, pars, [c] and [d]) of the Insurance Law and that by reason thereof the plaintiffs are not “innocent victims under article 17-A of the Insurance Law and are precluded from recovering payment from the MVAIC either as insured or qualified persons.”
Defendant MVAIC strongly argues that the failure of the defendant Bock, the owner of the car, to reply to the claim letter mailed to him by plaintiffs’ attorney Traube on October 1, 1963 *821 should have put plaintiffs on notice that Bock, the owner of the car, either was not insured or that he was not co-operating with the insurance carrier. For that reason they should have diligently investigated the question of coverage instead of letting the matter drag on two years before retaining associate counsel Marcel Weisman on July 20,1965 who diligently investigated the case and commenced an action by serving a summons and complaint on Bock and Shafran on August 30, 1965. On September 15, 1965 he mailed a letter to the insurance carrier stating the substance of the claim against its assured Bock, together with a copy of the summons and complaint and affidavit of service in the action as originally commenced against defendant Bock. Disclaimer followed on September 17,1965, as stated above.
Plaintiffs ’ notice of claim was filed with MVAIC on September 21, 1965 within 10 days after American Motorists’ disclaimer letter dated September 17, 1965. This was in compliance with subdivision (c) of section 608 of article 17-A of the Motor Vehicle Accident Indemnification Corporation Law. The contention by MVAIC that plaintiffs are not innocent victims is without merit. The failure of plaintiffs to give diligent notice to the insurance carrier does not, ipso facto, deny them the status of innocent victims. While such failure would permit a disclaimer by the carrier, it cannot be held that it is equally applicable to MVAIC. If the Legislature intended to disqualify persons from the classification of innocent victims by virtue of coverage events rather than accident events, there would be no purpose in providing for situations where ‘ ‘ the insurer disclaims liability or denies coverage ” (§ 600) or for filing claim “ within ten days of receipt of notice by such affiant of such disclaimer or denial of coverage.” (§ 608, subd. [c].) Where there is insurance, as in this case, a change in the law in line with the foregoing contention by MVAIC is for the Legislature and not for the court.
The other defenses and counterclaims of defendant MVAIC have been examined and found to be without merit.