Leonard N. Cohen, J.
This trial pinpoints the inefficiency of a specialized and fragmented bureaucracy — our municipal government — when faced with deviation from customary practice. The city is a self-insurer with few exceptions. This was one of them. The result was incapacity to adjust to the exception.
In a trial of a severed third-party action by the city, impleading the insurer as third-party defendant, alleging insurance coverage and indemnification from the insurer for an underlying property damage negligence action against the city, the following facts are undisputed:
An alleged fire originated on October 22, 1972 in a vacant, abandoned building under the city’s Housing and Development Administration (HDA) receivership on or about July 31, 1972 and insured on August 31, 1972 under a blanket liability policy; an adjacent private property owner sued the city in the main action herein for over $400,000 for fire damages to *811 property allegedly incurred solely due to the city’s negligence; plaintiff in the main action filed a notice of claim with the city on November 22, 1972; a Comptroller’s hearing was held in May, 1973; the main action was commenced on July 20, 1973; issue was joined on August 28, 1973; an oral deposition of an HD A receivership bureau official was held on March 14, 1974; the city first notified the third-party defendant carrier on March 18, 1974 to assume defense of the main action and indemnification in the event of judgment; on April 2, 1974 the carrier requested of the city witnesses’ signed statements, investigation reports and other pertinent information; on April 29,1974 the city furnished pleadings, the oral deposition transcript, fire marshall and building department reports; and finally the carrier disclaimed on May 8, 1974. The main issue herein is the timeliness of the city’s notice claim to the insurer.
The relevant policy provisions contain the following:
"4. Insured’ Duties in the Event of Occurrence, Claim or Suit:
"(a) In the event of an occurrence written notice containing particulars * * * shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
"(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
"5. Action against Company: No action shall be against the company unless as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy”.
It is well-established New York law that such insurance policy "notice” terms constitute a material condition precedent to the insurer’s liability, the timeliness of which is construed as reasonable, under all the circumstances; and if there is inexcusable noncompliance by the insured the policy is vitiated. (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436; Deso v London & Lancashire Ind. Co., 3 NY2d 127; Bazar v Great Amer. Ind. Co., 306 NY 481; Rushing v Commercial Cas. Ins. Co., 251 NY 302; Allstate Ins. Co. v Manger, 30 Misc 2d 326; Gonzalez v Orellano, 210 NYS2d 221; Insurance Law, § 167, subd 1, par [d]; 31 NY Jur, Insurance, § 1262.)
*812 The undisputed proof of the time sequence of events as set forth herein fall short of the standards of reasonableness of notice to impose carrier liability coverage. It is clear from all the evidence the city acted unreasonably in breach of the policy notice condition precedent to liability.
(Unexcused delay of 51 days, Deso v London & Lancanshire Ind. Co., supra; 27 days, Reina v United States Cas. Co., 228 App Div 108, affd 256 NY 537; 22 days, Rushing v Commercial Cas. Ins. Co., supra; 30 days, Mason v Allstate Ins. Co., 12 AD2d 138; 40 days, Abitante v Home Ind. Co., 240 App Div 553; 120 days, Gonzalez v Orellano, supra; 28 days, Vanderbilt v Indemnity Ins. Co. of North Amer., 265 App Div 495.)
In this posture, the insured, in order to impose coverage, has the burden of coming forward with a reasonable excuse or explanation for its delay. (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; Rushing v Commercial Cas. Ins. Co., supra; Allstate Ins. Co. v Manger, supra; Mason v Allstate Ins. Co., supra; 31 NY Jur, Insurance, § 1262.)
Mitigating circumstances may arise if the insured lacks, or is incapable of acquiring, knowledge of the occurrence; or the insured is out of the State; or in good faith reasonably believes there is no policy coverage or that the insured was not liable on the main action. (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co., 37 AD2d 11, affd 30 NY2d 726; Woolverton v Fidelity & Cas. Co. of N. Y., 190 NY 41; Allstate Ins. Co. v Manger, supra; Gonzalez v Orellano, supra; 31 NY Jur, Insurance, § 1262; Insurance Law, § 167, subd 1, par [d].)
In the instant case the main action is for a substantial sum; the city had knowledge of the occurrence and claim for 17 and 16 months respectively prior to notice to the carrier, as well as knowledge of the insurance coverage about two months preceeding notice of claim. Moreover, the Comptroller’s files clearly indicate as early as September 10, 1973 the necessity of immediate notification to the carrier if insured. Proof was lacking of any good faith reasonable belief, prior to the untimely notice to the carrier, of nonliability. To urge complexity of government, dispersal and fragmentation of authority as an excuse is without merit. The insured is required to exercise reasonable diligence and care in the discharge of responsibility; and its own inaction or inefficiency does not absolve it from the consequences. (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; American Sur. Co. of N.Y. v *813 Mariani, 130 NYS2d 755, affd 286 App Div 1083.) This standard for individuals and commercial entities is surely applicable to a governmental body employing experienced specialists. Under circumstances of an inexcusable material breach of a policy "notice” condition precedent to coverage, the carrier is relieved of any liability as a matter of law and need not show prejudice. The rationale was expressed by Judge Cardozo in Coleman v New Amsterdam Cas. Co. (247 NY 271, 277): "When the condition was broken, the policy was at an end, if the insurer so elected. The case is not one of the breach of a mere covenant, where the consequences may vary with the fluctuations of the damage. There has been a failure to fulfill a condition upon which the obligation was dependent.” (To the same effect are: Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra; Deso v London & Lancanshire Ind. Co., supra; Matter of Marcus v MVAIC, 29 Misc 2d 573; Zurich Gen. Acc. & Liab. Ins. Co. v Harbil Rest, 7 AD2d 433; Tennant v Farm Bur. Mut. Auto. Ins. Co., 286 App Div 117; American Sur. Co. v Mariani, supra; Century Ind. Co. v Hartford Acc. & Ind. Co., 130 NYS2d 844; Citizens Cas. Co. of N.Y. v Clark, 245 App Div 38.)
New York therefore adopts the strict dependent material breach of a "notice” condition precedent approach, which, if inexcusable, vitiates the policy contract as a matter of law and not requiring proof or disproof of prejudice to the carrier.
This approach is in contrast with a prejudice standard adopted in some States which require fact-finding proof of prejudice or nonprejudice if the insured fails to comply with the notice requirements of the policy. (See Note, Liability Insurance Policy Defenses to the Duty to Defend, 68 Harvard L Rev 1436.)
Nevertheless under the New York rule, by the adoption of a broad doctrine of reasonable excuse for noncompliance scrutiny of the seriousness of the noncompliance and all the surrounding circumstances is ensured. In this context the carrier rested at the close of the city’s case and relied solely on the city’s evidence which failed to offer proof of nonprejudice.
Consistent with the New York rule, the absence of any reasonable excuse for the city’s material breach under all the circumstances in this case presumes prejudice. Here the carrier was unreasonably precluded from negotiating settlement at the outset of joinder of issue and possibly avoiding costly *814 litigation; and it was deprived of an opportunity to prepare and assume authority over the defense as well as participation in significant pretrial proceedings conducted solely by the city. Nor did it have an adequate and timely opportunity to undertake an investigation while physical facts were observable as to liability and damages, such as appraisal evaluation of claimed damages. It appears from the evidence that no single city official was responsible or accountable for an investigation and none was had. The unreasonable noncompliance, it was shown, was of the city’s own doing. All of these factors affect the character and extent of the carrier’s risk without the necessity of affirmativé proof of how the carrier might have conducted itself if compliance was had.
For all of the foregoing reasons judgment is in favor of the third-party defendant without costs.