F. PARLATO and C. Parlato, Plaintiffs,

v.

INTERPORT TRUCKING CO. and P. Luna, Defendants and Third-Party Plaintiffs,

v.

ROFFER, WOHLBERG, POLLACK & CO., Clifford Wohlberg and Insurance Co. of North America, Third-Party Defendants.

No. 79 Civ. 879.

United States District Court, E. D. New York.

April 27, 1982.

**1052**

Nicholas Scibilia, Brooklyn, N. Y., for Interport Trucking Co.

John Gero, New York City, for third-party defendants.

## MEMORANDUM AND ORDER DISMISSING THIRD–PARTY COMPLAINT

McLAUGHLIN, District Judge.

This is an action by plaintiffs, Ferdinand Parlato and his wife, for damages from Interport Trucking Co. ("Interport") and P. Luna. The suit is for personal injuries sustained in an accident on Interport's premises on February 2, 1977. The third-party action by Interport against Roffer, Wohlberg, Pollack & Co. ("RWP"), allegedly its insurance broker, Clifford Wohlberg, a principal of RWP, and Insurance Co. of North America ("INA"), its insurer, seeks a declaration that Interport's insurance policy from INA will cover the potential liability arising out of the Parlatos' injuries. The parties agreed that the question of insurance coverage should be tried first. Accordingly, on March 8, 1982, a trial of the third-party action was held.

The parties stipulated that Interport had been issued an insurance policy by INA that was in "full force and effect during all relevant times of this action." Joint Pre-Trial Order at 2. The only issue is whether Interport gave INA timely notice of the Parlato accident, as was indisputably required by the insurance contract. Interport claims that Robert Brown, its office manager, mailed a notice of the accident to RWP on February 8, 1977, followed by the summons and complaint in this action in May, 1979, and on both occasions there were instructions to notify INA about the accident. Interport further claims that RWP and Clifford Wohlberg were authorized agents for INA.

RWP and Clifford Wohlberg counter that (1) they received neither communication; (2) they were not authorized agents for INA; and (3) they did not enter into a broker relationship with Interport until February 14, 1977, several days after the first notice was allegedly mailed. INA claims that (1) it did not receive any notice of the accident until October 1979, and (2) RWP was not an authorized agent to receive notice of losses and, therefore, that even if RWP received the February 8, 1977 notice, it did not constitute notice to INA. Upon hearing the evidence and reviewing the submissions of the parties, it is apparent to the Court that two legal issues are controlling.

*The Admissibility of the Brown Deposition.*

■ In essence, the theory of liability against RWP and Wohlberg is their failure to forward the February 8, 1977 notice to Interport's insurer. Interport's proof that it mailed timely notice consisted solely of the deposition transcript of Robert Brown, who served as Interport's office manager until some time in the fall of 1981. Accordingly, if the deposition is not considered, there is no basis for finding RWP and Wohlberg liable to Interport. The third-party defendants strenuously objected to the admissibility of the deposition.

Fed.R.Civ.P. 32(a)(3) provides that a deposition of a witness may be offered by any party if "the witness is at a greater distance than 100 miles from the place of trial or hearing . . . ." It is axiomatic that the proponent of the deposition must establish

that the conditions for admitting the deposition have been met. *See, e.g.,* J. Moore, Federal Practice ¶ 32.05 at 32–26 (1981) (a deposition may be used if the offering party "demonstrates to the court the existence of one of the conditions specified in Rule 32(a)(3)").

In this case, Interport has totally failed to establish that Robert Brown is more than 100 miles from this Courthouse. Edwin Essenfeld, president of Interport, testified at the trial that when Brown left the employ of Interport on August 3, 1981, he stated his intention to relocate in Arizona. Mr. Essenfeld, however, could produce no evidence that Brown actually moved to Arizona, or even out of Staten Island. In fact, on August 27, 1981, the date of his deposition, Mr. Brown stated that he still lived in Staten Island, New York, obviously well within 100 miles. Moreover, Mr. Essenfeld admitted that he had done nothing to locate Mr. Brown within 90 days of the trial. Mr. Essenfeld did not even know where Brown's 1981 W–2 tax form had been sent.

I find, therefore, that Interport "has not convincingly demonstrated that [Brown] is in fact without a 100 mile distance of this courthouse." *Colonial Realty Corp. v. Brunswick Corp.,* 337 F.Supp. 546, 552 (S.D. N.Y.1971). *See also United States v. Empire Gas Corp.,* 393 F.Supp. 903, 912 (W.D. Mo.1975), *aff'd,* 537 F.2d 296 (8th Cir. 1976), *cert. denied,* 429 U.S. 1122, 97 S.Ct. 1158, 51 L.Ed.2d 572 (1977). Interport has demonstrated no reason why it should be relieved of its burden under Fed.R.Civ.P. 32. *Cf., Hartman v. United States,* 538 F.2d 1336 (8th Cir. 1976); *Ikerd v. Lapworth,* 435 F.2d 197 (7th Cir. 1970). I will not, therefore, consider the deposition.

■ Because the deposition is the only proof that the notice of loss was mailed to RWP and Wohlberg, Interport has failed to carry its burden of proof. Accordingly, the third-party complaint against RWP and Wohlberg must be dismissed.[1]

*Choice of Law.*

■ Interport argues that New Jersey law should be applied in this case. Unlike the law of New York, New Jersey law requires that an insurance company prove "a likelihood of appreciable prejudice" before it may disclaim coverage for failure to notify. *Gladstone v. Fireman's Fund Insur. Co.,* 536 F.2d 1403, 1407 (2d Cir. 1976), *quoting, Cooper v. Government Employees Insur. Co.,* 51 N.J. 86, 90, 237 A.2d 870, 874 (1968).

I hold that New York law, not New Jersey law, should apply. In the *Gladstone* case cited by Interport, the insured's "domicile, the place of contract negotiation and issuance, the location of the insured premises, and the place of the loss" were all in New Jersey. 536 F.2d at 1406 n.4, *quoting Auten v. Auten,* 308 N.Y. 155, 124 N.E.2d 99 (1954). In our case, although the insured is a New Jersey corporation, the loss occurred in New York, the broker resided in New York, the insured maintained an office in New York, as well as New Jersey, the plaintiff is a New York resident, the insurance carrier is a Pennsylvania corporation and there is no evidence of where the insurance contract was negotiated. Considering the interests of the parties, the nature of the question and the contacts with both states, it seems clear that New York is the jurisdiction with the most significant role in the determination of the insurance question.

---

1. Even if the deposition were admitted, I would dismiss the claims against RWP and Wohlberg for two additional reasons. First, the documents and testimony of Clifford Wohlberg establish that there was no contractual relationship between RWP and Interport until February 14, 1977. It would be hard to credit Mr. Brown's testimony that he mailed the notice to RWP on February 8 when, in fact, there was no contractual relationship between RWP and Interport until February 14. Moreover, the testimony of Clifford Wohlberg and Matthew Craig, of INA, proved that RWP was not an authorized agent for INA. Thus, RWP was under no duty to forward the papers to INA. If the deposition is considered, INA also would not be liable because the testimony of Matthew Craig established that RWP was not an authorized agent for INA. Absent such an agency relationship, notice to RWP would not suffice as notice to INA. *See Curreri v. Allstate Insur. Co.,* 37 Misc.2d 557, 236 N.Y.S.2d 719 (Sup.Ct. 1963).

Under the applicable cases, because INA was not notified of the Parlato accident until more than two and a half years after the date of the accident, Interport's claims against INA must be dismissed. As a matter of law, the notice was too late. *See Security Mutual Insurance Co. of N. Y. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 340 N.Y.S.2d 902, 293 N.E.2d 76 (1972); *Kason v. City of New York*, 83 Misc.2d 810, 373 N.Y.S.2d 456, 458 (Sup.Ct.N.Y.Co.1975); *Pensky v. Aetna Life & Cas. Co.*, 55 A.D.2d 640, 390 N.Y.S.2d 162 (2d Dept. 1976); *Gardner-Denver Co. v. Dic-Underhill Constr. Co.*, 416 F.Supp. 934 (S.D.N.Y.1976).

For all of the above reasons, the third-party complaint against INA, RWP and Clifford Wohlberg must be dismissed.

SO ORDERED.