**Brenda K. BELLAMY, Plaintiff,**

v.

**Fred J. MOLITOR, Defendant.**

**Civ. A. No. C81–0121–BG(S).**

United States District Court,
W.D. Kentucky, Bowling Green.

March 7, 1983.

Joseph R. Huddleston, Huddleston Brothers & Duncan, Bowling Green, Ky., for plaintiff.

William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, Ky., for defendant.

## MEMORANDUM

SILER, Chief Judge.

This matter has come before the Court on the motion by the defendant to continue the trial of this case or, in the alternative, for defense counsel to read to the jury at the trial the affidavit of the defendant and the deposition of the defendant which have been entered in the record. The plaintiff has objected to all these motions. Previously, the Court denied the motion for a continuance and denied the motion to read the affidavit, but reserved the question of whether the deposition could be read. By separate Order, the Court will now grant the motion to read the deposition of the defendant. The reasons for these actions are set out in this Memorandum.

The Court has denied the motion to continue, because the plaintiff has indicated that she is ready for trial and defense counsel has not shown that the defendant would be more likely to appear for trial on any other date. This matter has been set since September 23, 1982, and defense counsel has, by his own admission, notified the defendant on several occasions of this trial date. There is nothing in the motion which would indicate that the defendant is infirm or otherwise unable to appear at this time.

Defense counsel desires to read the affidavit under the authority of *Leger v. Watkins,* 449 S.W.2d 423 (Ky.1970). However, that is a Kentucky procedural rule and would not be applicable to a matter tried in federal court. *See Frechette v. Welch,* 621 F.2d 11 (1st Cir.1980).

Finally, with regard to the use of the deposition taken in discovery by the plaintiff of the defendant, Rule 32(a), FED. R.CIV.P., allows the deposition of a witness who is a party to be used if the Court finds that the witness is at a greater distance than one hundred miles from the place of trial, unless it appears that the absence of the witness or party was procured by the party offering the deposition. Plaintiff has admitted that the defendant is presently at a greater distance than one

hundred miles from the place of trial, as the affidavit of defense counsel indicates that defendant now lives in Nevada. Furthermore, at the time the deposition was taken, the defendant apparently lived in Savannah, Georgia, which is also more than one hundred miles from Bowling Green. There is a paucity of authority on this rule under circumstances similar to that in this case. The parties have not provided any authority which is helpful, but the Court has decided to follow the rule set out in *Richmond v. Brooks*, 227 F.2d 490 (2d Cir. 1955), which is approved in 4A J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 32.05, 32.31 to 32.35 (2d ed. 1948). In that case, the court held that the limiting provision that "unless it appears that the absence of the witness was procured by the party offering the deposition" refers to absence from the territory embraced within the one hundred mile radius from the place of trial. In this case, obviously, as the defendant has always resided more than one hundred miles from the place of trial, he did not procure his absence.

Although the Court is aware that had this matter been tried in a Kentucky court, the rule from *Boehm v. Hishmeh*, 421 S.W.2d 836 (Ky.1967), would preclude the use of a deposition under the circumstances, perhaps. However, as indicated in *Frechette v. Welch, supra,* this Court must follow the Federal Rules of Civil Procedure which would allow the use of this deposition. The Court does not find the case of *Vevelstad v. Flynn*, 230 F.2d 695 (9th Cir. 1956), to be helpful. There, the district court had rejected the right of the defendant to place into evidence a deposition of the defendant, as he had gone on a ship out of the country. There is nothing in the record to indicate whether that defendant was actually a resident of Alaska. Anyway, the court found that the deposition of that party provided no evidence which had a bearing upon the two primary issues which were to be decided by the court. Thus, it appeared to have been harmless error, if it was error at all.