Simon NASH, Plaintiff,

v.

Margaret M. HECKLER, John A. Svahn, Donald J. Devine, Louis B. Hays, Philip T. Brown and L. Charles Leonard, Defendants.

No. CIV–78–281E.

United States District Court, W.D. New York.

Nov. 29, 1985.

Simon Nash, Buffalo, N.Y., pro se.

Brian G. Kennedy, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM
and
## ORDER

ELFVIN, District Judge.

In this action by an Administrative Law Judge employed by the Social Security Administration seeking declaratory and injunctive relief as to certain practices by the defendants which allegedly have improperly infringed his decisional independence, a trial without jury was commenced in this Court September 3, 1985 and adjourned *sine die* September 9th to permit, *inter alia,* the taking of certain depositions sought by the plaintiff. Presently pending is the defendants' motion, made orally at trial, to adduce into evidence various deposition testimony.

Specifically the defendants seek to have admitted into evidence the depositions of Burton Berkley, Herman Elegant, William R. Lavere, Joseph Chodes, Andrew J. Young, Donald Przybylinski, Louis B. Hays and Frank V. Smith, III, which previously had been filed in this case. The depositions are sought to be admitted in their entirety subject to certain exceptions which are set forth in the defendants' attorney's undated letter to Court (received September 16, 1985), a copy of which has been sent to the plaintiff. The exceptions are not germane to the present motion. The plaintiff has indicated he has no objection to the introduction of the depositions of Joseph Chodes and Herman Elegant and they are deemed admitted.

The plaintiff objects strenuously to the introduction of the remaining six depositions [hereinafter "the depositions"]. These were held between August 13th and August 23rd—hence shortly before the onset of trial—either in Washington, D.C. or Arlington, Va., and the plaintiff asserts that the only deposition which he was able to attend (and did in fact attend) was that of Louis B. Hayes held August 23rd. The

defendants seek to introduce these depositions pursuant to Fed.R.Civ.P. rule 32(a)(3)(B) on the grounds that the witnesses are and were located more than 100 miles from the place of trial. The plaintiff does not dispute the distance factor of the equation but asserts more broadly that the exception to the traditional preference for live testimony that is embodied in the rule was not intended to apply to this kind of testimony. As the plaintiff asserts, Hays, Smith and Young are former or present parties to this action, Smith being at present the Associate Commissioner for Hearings and Appeals with the Social Security Administration and the others previously having occupied that position. Berkley, Przyblyinski and Lavere are all immediate subordinates to the Associate Commissioner. The gist of the plaintiff's argument, presented without citation of authority, is that the defendants have in effect procured the absence of the deponents in question and that the purpose of the 100-mile rule is not to permit parties such as the defendants, who easily could have arranged the presence of such witnesses at trial, to hide behind depositions which are "staged" in the sense that the plaintiff was not present (although not through any apparent fault of the defendants) at five of them and hence could not cross examine the witnesses.

As was stated by Judge Learned Hand,

"The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard,* 102 F.2d 467, 469 (2d Cir.1939).

This Court shares that stated preference for live testimony, particularly in the case of important witnesses or parties to the action. However, rule 32 establishes situations in which deposition testimony may properly be used and while the directives of such rule (particularly subsection (a)(3)(B)) appears precatory and creating a degree of discretion in the court, nonetheless it follows that such exceptions should be al-

lowed to apply absent some compelling reason otherwise. Such a view is consistent with the limited case law in this area. In what may be the leading case on the question, *Richmond v. Brooks*, 227 F.2d 490 (2d Cir.1955), the Court permitted a plaintiff living in California to introduce her deposition in lieu of live testimony at a trial held in New York. While the case might arguably be distinguished on factual grounds, subsequent decisions of the same court have indicated a broad application of the rule, *see e.g. Klepal v. Pennsylvania Railroad Company*, 229 F.2d 610, 612 (2d Cir. 1956), as have other courts. *See Houser v. Snap-On Tools Corporation*, 202 F.Supp. 181, 189 (D.Md.1962) ("the mere absence of the deponent from the 100 mile area is sufficient"); *U.S. v. Intern. Business Machines Corp.*, 90 F.R.D. 377, 382 (S.D.N.Y. 1981). The plaintiff's contention that the substantial identity of interest between the deponents in question and defendants in the case *ipso facto* raises a spectre of illicit procurement by the defendants of the absence of such deponents from trial is implicitly rebutted by *Richmond v. Brooks, supra,* and explicitly rejected in *Houser v. Snap-On Tools Corporation, supra* at 189 ("procuring absence and doing nothing to facilitate presence are quite different things").

Apart from a traditional preference for live testimony, this Court has found no authority supporting the plaintiff's attempt to limit rule 32. This Court is aware that time and money limitations may inhere in this plaintiff's pro se status but such factors do not justify in this instance imposing on the defendants the expense of the plaintiff's discovery. There is no indication that the defendants have abused the protective aspect—from their vantage point—of rule 32. Moreover the plaintiff, having considerable legal experience, must have realized that the taking of the depositions in question indicated their potential use at trial—the government otherwise having no need to depose its own personnel. The choice not to attend five of the six depositions or to attempt to arrange some compromise with the defendants as to

such testimony by which the plaintiff's position could be protected, or to make an appropriate motion to the Court at the time such depositions were noticed, must be viewed as a tactical decision by the plaintiff. His objection is particularly weak with respect to the deposition of Louis B. Hays which he attended, but this Court does not find sufficient equitable grounds to warrant an exception to the normal application of Fed.R.Civ.P. rule 32(a)(3)(B) as to the remaining five depositions, although the lack of cross-examination may well bear upon the weight to be given such latter testimony—such possibility, of course, being an aspect of the defendants' tactical decision not to have such witnesses present at trial.

Accordingly, it is hereby ORDERED that the depositions of Joseph Chodes, Herman Elegant, Louis B. Hays, Andrew Young, Frank B. Smith III, Burton Berkley, Donald Przyblinski and William R. Lavere previously filed in the above-captioned case are admitted into evidence.