Scott **MARSHALL, d/b/a Marshall Fastening Systems, Plaintiff,**

v.

Jack **VAN GERVEN, d/b/a J & M Construction Co., Inc.; J & M Construction Co., Inc.; et al., Defendants, Respondents, and Cross–Appellants.**

S.G. **LARSEN & SONS EXCAVATING, INC., a Utah corporation, Plaintiff in Intervention,**

v.

**BROWN & ELLIOTT CONSTRUCTION CO., INC., a Utah corporation; United Pacific Insurance Co., a Washington corporation; et al., Additional Cross–Claim Defendants, Appellants, and Cross–Respondents.**

No. 880245–CA.

Court of Appeals of Utah.

March 23, 1990.

Bruce W. Shand (argued), Salt Lake City, for Brown & Elliott Const. Co. and United Pacific Ins. Co.

David J. Bird (argued), Richards, Bird & Kump, Salt Lake City, for Jack Van Gerven and J & M Const. Co.

Before DAVIDSON, BENCH and BILLINGS, JJ.

OPINION

BENCH, Judge:

Brown & Elliott Construction Co., Inc. (B & E), and United Pacific Insurance Co.

---

(United) appeal from a judgment against them arising from two construction contracts. Jack Van Gerven and J & M Construction Co., Inc. (hereafter referred to collectively as "J & M") cross-appeal, seeking additional recovery. We reverse and remand.

## FACTS

B & E was hired as the general contractor for the construction of a condominium project known as "The Ridge at Silver Lake" in Deer Valley, Utah. As required under the terms of their contract, B & E obtained a bond for the protection of laborers and materialmen. The bond was issued by United.

J & M participated in the project under two separate contracts. First, J & M contracted with a subcontractor of B & E to excavate trenches for water and sewer lines. J & M substantially completed work under this sub-subcontract. Second, J & M contracted directly with B & E to excavate and backfill the foundations of the condominiums. Although J & M began work under this subcontract, it was necessary for B & E to complete it.

J & M filed this action to collect additional payments under both contracts. For the water and sewer line sub-subcontract, J & M sought to recover for design changes and the blasting of bedrock. For the excavation and backfill subcontract, J & M sought to recover for blasting and hauling of excavation materials. J & M also claimed against the labor and materials bond.

Following a four-day bench trial in October 1987, the district court awarded J & M a total of $36,856.63 against the subcontractor for work on the water and sewer trenches. That judgment has not been appealed. The district court also rendered judgment in favor of J & M for the backfill and excavation work, and awarded damages of $46,070.70 against B & E and $102,558.08 against United. B & E and United appeal that judgment, claiming that

(1) the court erroneously refused to admit the deposition of an officer of B & E; (2) the court erroneously applied a "total cost" theory of damages; and (3) certain damages were erroneously awarded. J & M cross-appeals, claiming that it was entitled to rescission of the excavation and backfill subcontract and restitution.

■ B & E and United (hereafter referred to collectively as "appellants") argue that the trial court committed reversible error by refusing to admit into evidence the deposition of Scott Brown, president of B & E. J & M had deposed Mr. Brown in January 1987. Appellants sought to have this deposition admitted because Mr. Brown was absent from trial, was not a resident of Utah, and was beyond the subpoena power of the court.[1] Since Mr. Brown was a resident of Bozeman, Montana, at the time of trial, a location more than one hundred miles from the courthouse, appellants argue that they should be able to use the deposition as evidence under rule 32(a) of the Utah Rules of Civil Procedure.

J & M responds that rule 32(a) vests the trial court with discretion to exclude the deposition, citing among other cases, *Department of Social Servs. v. Ruscetta*, 742 P.2d 114 (Utah Ct.App.1987). J & M argues that "may" is the operative word in the rule:

(3) The deposition of a witness, whether or not a party, *may* be used by any party for any purpose if the court finds: ...

(B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition;....

Utah R.Civ.P. 32(a) (emphasis added). The standard we apply under such an interpretation is that the trial court's determination as to admissibility will not be upset absent an abuse of discretion. *See Whitehead v. American Motors Sales Corp.*, 101 Utah Adv.Rep. 27, 28, —— P.2d ——, —— (1989); *accord Alfonso v. Lund*, 783 F.2d 958, 961

---

1. In accordance with Utah R.Civ.P. 32(b), J & M made a timely objection to the admission of Mr. Brown's deposition. Appellants later proffered the deposition evidence that they would have read had the deposition been ruled admissible.

(10th Cir.1986); *Reeg v. Shaughnessy,* 570 F.2d 309, 317 (10th Cir.1978).

J & M claims that the trial court properly exercised its discretion in excluding the deposition since appellants made no showing that Mr. Brown was unavailable or even unwilling to testify. In fact, J & M claims that there was no representation made that appellants even requested Mr. Brown to testify and that the use of his deposition was merely trial strategy to avoid revealing his demeanor to the fact finder.

We have carefully scrutinized the transcript of the court's ruling and agree that no representation was made as to whether appellants had attempted to procure Mr. Brown's appearance. However, we conclude that appellants made a sufficient showing under rule 32(a) to have the deposition admitted and that the trial court abused its discretion in refusing to admit it.

■ The element of discretion provided by the rule is a narrow one—exceptions to the preference for oral testimony apply "absent some compelling reason otherwise." *Nash v. Heckler,* 108 F.R.D. 376, 378 (W.D.N.Y.1985).[2] The federal cases in which the issue has been considered have held that "the mere absence of the deponent from the 100 mile area is sufficient, and the party attempting to submit the deposition into evidence need not proffer an excuse for the failure of the deponent to appear in court." *Houser v. Snap-on Tools Corp.,* 202 F.Supp. 181, 189 (D.Md. 1962); *see also Stewart v. Meyers,* 353 F.2d 691, 696 (7th Cir.1965); *Klepal v. Pennsylvania R.R.,* 229 F.2d 610, 612 (2d Cir.1956). The reasoning behind the rule is simply that "it would be too burdensome to require a deponent beyond the distance of 100 miles to appear at trial." *United States v. International Business Machs. Corp.,* 90 F.R.D. 377, 380 (S.D.N.Y.1981). The rule applies equally to plaintiffs and defendants, *see Richmond v. Brooks,* 227 F.2d 490, 492 (2d Cir.1955), parties and non-parties. *See* 4A J. Moore & J.D. Lu-cas, *Moore's Federal Practice* § 32.05 (2d ed. 1989). The distance is measured "as the crow flies" from the deponent's residence to the courthouse. *SCM Corp. v. Xerox Corp.,* 77 F.R.D. 16, 18 (D.Conn. 1977).

The trial court apparently considered rule 32(a)(3)(B)'s exception, "unless it appears that the absence of the witness was procured by the party offering the deposition," adjudged Mr. Brown to be a party, and concluded that by not being present, he had procured his own absence. Although Mr. Brown was not a named party, even a "substantial identity of interest" between the party offering the deposition and the deponent does not, without more, raise a "spectre of illicit procurement." *Nash,* 108 F.R.D. at 378; *Carey v. Bahama Cruise Lines,* 864 F.2d 201, 204 (1st Cir.1988). "Procurement" implies that there was some collusion in having witnesses remove themselves from the reach of subpoenas or to deliberately absent themselves from the jurisdiction. *Weiss v. Weiner,* 10 F.R.D. 387, 389 (D.Md.1950). Moreover, "procuring absence and doing nothing to facilitate presence are quite different things." *Snap-on Tools,* 202 F.Supp. at 189.

The proponent of admission has the burden to show that the requirements of the rule have been met. *See Parlato v. Interport Trucking Co.,* 540 F.Supp. 1051, 1052–53 (E.D.N.Y.1982). Appellants carried this burden by presenting evidence that the deponent lived more than 100 miles from the courthouse. That evidence was never controverted. Nor is there anything in the record to suggest that Mr. Brown had procured his own absence. In fact, there is testimony that he moved to Montana "a little over two years" before trial. *See, e.g., Bellamy v. Molitor,* 108 F.R.D. 1, 2 (W.D.Ky.1983) (party deponent had always lived more than 100 miles from courthouse); *see also Starr v. J. Hacker Co.,* 688 F.2d 78, 81 (8th Cir.1982). Appellants also specifically represented to the court that none of the named parties had pro-

---

**2.** Where there is no Utah case directly on point, we turn to the federal courts that have examined the comparable federal rule. *See Heritage Bank & Trust v. Landon,* 770 P.2d 1009, 1010 n. 2 (Utah Ct.App.1989) ("As our rules of civil procedure are fashioned after the federal rules, we may properly look to authorities under the federal rules."); *see also Pate v. Marathon Steel Co.,* 692 P.2d 765, 767 n. 1 (Utah 1984).

cured the deponent's absence. It was presumably advantageous for appellants to offer live testimony as opposed to deposition evidence, *see Weiss*, 10 F.R.D. at 388, which fact "is likely to limit frequent resort to this course." *Richmond*, 227 F.2d at 492.

Although the rules of evidence may offer an alternative means of admitting depositions,[3] we need not address that alternative since we conclude that appellants made a sufficient showing to admit the deposition under Utah R.Civ.P. 32(a). It was established, without dispute, that Mr. Brown was a resident of Montana at the time of trial, and had been so for a considerable time. Under these circumstances, we conclude that the trial court abused its discretion in excluding the deposition.

We further conclude that the error in excluding the deposition is substantial and prejudicial. *See* Utah R.Civ.P. 61. The proffer made by appellants adequately indicates the materiality of the deposition evidence to their case. Mr. Brown was president of B & E and had the responsibility to negotiate contracts and to bid the work. Even the trial court believed Mr. Brown to be a "key witness" and the evidence to be "quite material." Accordingly, we reverse the judgment against appellants, and remand the case for retrial or for further proceedings consistent with this opinion. In light of this disposition, we need not address other issues raised on appeal.

DAVIDSON and BILLINGS, JJ., concur.

---

**3.** Fed.R.Civ.P. 32(a) and the federal rules of evidence are cumulative, such that a deposition not falling within the provisions of rule 32(a) may still be admissible under the standards of Fed.R.Evid. 804. *See* 4A *Moore's Federal Practice* § 32.02[1], 32.05 (citing Fed.R.Civ.P. 43(a)); *International Business Machs. Corp.*, 90 F.R.D. at 384.

The Utah Rules of Civil Procedure are comparable to the federal rules. *See* Utah R.Civ.P. 43(a) ("In all trials, the *testimony of witnesses* shall be taken orally in open court, unless otherwise provided by these rules [or] the Utah Rules

of Evidence...."); *see also Ruscetta*, 742 P.2d at 117. Moreover, Utah R.Civ.P. 32(a) provides that "[a] deposition previously taken may also be used as permitted by the Utah Rules of Evidence." Thus, a deposition may be admitted if the deponent is unavailable as a witness. Utah R.Evid. 804(b). "Unavailability" is defined in several ways, and includes situations where the deponent "is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means." Utah R.Evid. 804(a)(5).